John G. STAFFORD dba C. C. Butane Gas
Co. and C. C. Hydro Gas Co.,
Appellant,

v.

Robert E. BRENNAN dba Navigation Fuel
& Scale Company, Appellee.

No. 773.

Court of Civil Appeals of Texas,
Corpus Christi.

June 28, 1973.

Charles R. Cunningham, Corpus Christi, for appellant.

Harris, Cook & Browning, Scott T. Cook, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit on a sworn account. The trial court granted plaintiff's motion for summary judgment in the amount of the account plus attorney's fees for a total of $2,112.64. The defendant appeals contesting the award of attorney's fees.

The plaintiff, doing business as a fuel company, sued the defendant, doing business as a butane company, on several sworn accounts amounting to $1,587.65. The petition contains exhibits of the accounts and a jurat that states that the accounts are true and correct and that all offsets have been allowed. The affidavit complies with Rule 185, T.R.C.P. so as to make the account prima facie evidence of the claim. In paragraph four of the plaintiff's petition it alleges that a law firm was retained and that plaintiff had contracted to pay ". . . a reasonable attorney's fee. Plaintiff alleges that a reasonable attorney's fee under all the circumstances was and is the sum of $525.00; and that under the provisions of Article 2226, Vernon's Ann. Revised Civil Statutes of Texas, as amended, defendant is bound and obligated to pay the sum of $525.00 as reasonable attorneys' fee." The petition alleges that the thirty day presentment had been made. The jurat attached to the petition does not mention attorney's fees. There were no affidavits filed or attached to plaintiff's motion for summary judgment.

The plaintiff filed Request for Admissions and Interrogatories. Request Number 10 asks the defendant to admit that more than thirty days have elapsed since plaintiff presented his claim and the claim remains unpaid. The defendant answered, "Not admitted. The Plaintiff's petition mentioned was served on me." Request Number 11 asked defendant to admit that under the minimum fee schedule of the State Bar of Texas a contingent fee for the collection of this kind of account is 33⅓% of the account. The appellant answered, "As a layman I am not able to answer any questions with regard to attorney's fees. Also, my attorney advises me that this is not a proper question under the Texas Rules of Civil Procedure." Plaintiff then filed a motion to have the Requests for Admissions admitted. However, there was no action on the motion and no order was entered by the trial court admitting them. The summary judgment recites that the court considered the pleadings, the requests and the responses in deciding there was no genuine issue of fact. Thereupon, the court rendered judgment in the sum of $2,112.64. This lump sum award was made without distinguishing or even stating that any amount of it was for attorneys' fees.

Article 2226, V.A.C.S., "Attorney's fees" provides that:

"Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, over charges on freight or express, lost or damaged freight or express, or stock killed or injured or suits founded upon a sworn account or accounts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such persons or corporation, he may, if represented by an attorney, also recover, in

addition to his claim and costs, a reasonable amount as attorney's fees. The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence."

■ Attorney's fees are proper and may be awarded in a suit on a sworn account, provided it complies with the above-cited Article. Tenneco Oil Co. v. Padre Drilling Co., 453 S.W.2d 814 (Tex. Sup.1970). The statute (Art. 2226, supra) is penal in nature and must be strictly construed. Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex.Sup.1962). The statute requires as a prerequisite to liability for attorney's fees, a formal demand or presentment for payment. At the expiration of thirty days after such presentment, if the claim has not then been paid, and if plaintiff is represented by an attorney, he may also recover in addition to his claim and costs "a reasonable amount as attorney's fees." Gateley v. Humphrey, 151 Tex. 588, 254 S.W.2d 98 (1952). Merely filing a suit on a sworn account does not satisfy the statute. A specific demand or presentment must be made. Huff v. Fidelity Union Life Insurance Company, 158 Tex. 433, 312 S.W.2d 493 (1958).

This case must be reversed for two reasons. First, there was no proof that the claim was presented for payment. Second, the summary judgment proof as to attorney's fees was insufficient.

■ The burden of proof is on the plaintiff to plead and prove presentment and failure to pay for thirty days in order to collect attorney's fees. This presentment or demand may be made either before or after the filing of the suit, but it must be made thirty days before obtaining judgment. Since Article 2226 is penal in character, it must be strictly construed. Questions of fact exist as to whether or not the presentment was made. Although the plaintiff alleged that he made demand of the defendant, his proof is lacking. The specific Request for Admission was not admitted by the defendant. Plaintiff's Request of the trial court to have the evasive answer of the defendant deemed admitted was not acted upon. (See Rule 169 and Rule 170, T.R.C.P.). Therefore, there is no evidence of summary judgment quality which would establish this necessary prerequisite for attorney's fees.

■ The rule of civil procedure which authorizes summary judgments places the burden of proving that there is no genuine issue of any material fact upon the movant. All doubts as to a material fact must be resolved against the party moving for a summary judgment. Rule 166A, T.R.C.P. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). Texas Summary Judgment Practice, Hon. Bert Tunks, 13 S. Tex.L.J. 1 (1971).

In 1971 Article 2226 was amended to include this additional language:

". . . The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence."

Before the 1971 amendment was passed, an attorney's statement that his fee was reasonable or an affidavit to that effect, though expert in nature, was merely an opinion. It would not establish the fact even though it was not controverted. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970). The Supreme Court in a per curiam opinion before this amendment, discussed the unverified allegations of a petition and the affidavit regarding the claim for attorney's fees. The

court said: "This does not conclusively establish for purposes of the summary judgment that the amount which the plaintiffs agreed to pay their attorneys is reasonable. The affidavit fails to show that the affiant is qualified to express an opinion on such matters, and he did not even purport to say that the $575.00 is, in fact, reasonable under the circumstances." Himes v. American Home Fence Co., 379 S.W.2d 290 (Tex.Sup.1964).

■ The proof necessary to sustain attorney's fees in a summary judgment case must meet the same standards of proof as in other similar causes of action. The pleadings, even though sworn to, are insufficient to constitute summary judgment evidence. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex. Sup.1971). There must be something other than the sworn pleadings to prove up attorney's fees under Article 2226. There must be proof, such as a deposition, interrogatories, admissions, or affidavits. This proof must establish the basis for the fee, whether the contract of the attorney is for a contingent or non-contingent fee. If non-contingent, it should set forth the amount of work involved and other bases for substantiating the fee. With this proof before the trial court, the court can then determine the reasonableness of the attorney's fee by comparison with the minimum fee schedule of the State Bar as suggested by Article 2226, supra.

■ Here, there was no evidence of presentment. The plaintiff did not plead or prove that thirty days had elapsed since presentment had been made. There was no proof of the plaintiff's attorney's employment contract, whether it was either contingent or non-contingent. Without such proof of the nature of the employment contract, the State Bar Minimum Fee Schedule would be ambiguous, because it reads in part as follows with respect to commercial collections:

"Contingent fee based on the amount collected or realized:

With or without the filing of a suit and irrespective of whether there is a trial ................Minimum 33⅓%

If an appeal is perfected from the judgment of the trial court ..Minimum 40%

Non-contingent fee based on the amount involved:

With or without filing of a suit and irrespective of whether there is a trial ................Minimum 16⅔%

If an appeal is perfected from the judgment of the trial court ..Minimum 20%"

Had the plaintiff attached proper affidavits and if the same were uncontradicted, the Minimum Fee Schedule of the State Bar would provide the proof of reasonableness sufficient for a summary judgment verdict. Article 2226, supra. Appellant's first point of error is sustained.

■ Appellant argues as his second point of error that Article 2226, V.A.C.S., is unconstitutional in that it violates the Sherman Act, 15 U.S.C. § 1, the Supreme Law of the Land Clause in Article VI and the Due Process of Amendment V and Amendment XIV, and the Equal Protection Clause of Amendment XIV of the Constitution of the United States of America, citing Goldfarb v. Virginia State Bar, 355 F.Supp. 491 (1973). Appellant argues, among other things, that the minimum fee schedule, as prima facie evidence of reasonable attorney's fees, is a form of price-fixing and is inconsistent with anti-trust statutes presently prohibiting anti-trust activities. Here the amendment to Article 2226 simply establishes that if the attorney's contract fee falls within the State Bar Minimum Fee Schedule, no further proof of reasonableness will be necessary. The minimum fee schedule is nothing more than a voluntary information guide or check list. The fee schedule is neither enforced by compulsion, coercion, nor through the Canons of Ethics. The schedule of the State Bar is neither mandatory nor is the application of the provisions of

Article 2226 mandatory as it relates to this schedule. The presumption of reasonableness or the prima facie evidence of reasonableness can be rebutted. A lesser fee than the State Bar's minimum fee schedule could be established as reasonable. The Article (Art. 2226, supra) does not in any way impose an obligation of any sort upon the Court or any attorney to follow this schedule. We hold that Article 2226, V.A.C.S. is not unconstitutional as violative of any of the foregoing articles or amendments of the United States Constitution. The subject article does not impose a restraint on competition or trade. See Caveat: Minimum Fee Schedule, 35 Tex.Bar Journal 989 (November 1972), and Antitrust Law Misapplication to Minimum Fee Schedules, Leroy Jeffers, President-Elect of State Bar of Texas, 36 Tex.Bar Journal 201 (March 1973). Appellant's second point of error is overruled.

The judgment of the trial court is reversed and the cause is remanded.