**ARCH CONSTRUCTION, INC., Appellant,**

v.

**Roberto E. TYBUREC and Hubertina M.H. Tyburec, Appellees.**

**No. A14–85–571–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 2, 1987.

48

J.L. Benefield, Michael W. Melton, Houston, for appellant.

Britt K. Davis, Houston, for appellees.

Before SEARS, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

On motion for rehearing, we withdraw our opinion of January 2, 1987 and substitute the following opinion.

This appeal involves an action brought for breach of a written remodeling contract in which the court below rendered a net judgment for Arch Construction, Inc., appellant, against Roberto E. and Hubertina M.H. Tyburec, appellees. Trial was to a jury, and the court below rendered judgment that appellant recover $27,299.33 and no attorneys' fees from appellees and that appellees recover from appellant the sum of $18,500.00 plus $5,519.00 in attorneys' fees. In four points of error, appellant complains of (1) the award of attorneys' fees by the court below and (2) the legal and factual sufficiency of the evidence. In one cross-point of error, appellees complain that the judgment rendered for appellant was contrary to the jury finding that appellant did not substantially perform its contract. For the reasons explained below, we modify the judgment of the court below and affirm it as modified.

Appellant entered into a written contract with appellees to remodel their home. The remodeling work was to be performed on a cost plus basis with no guaranteed maximum cost. According to the terms of the General Conditions of the Contract for Construction, and the contract itself, appellant was to submit Applications for Payment to the appellees' architect on a regular basis.

The architect was to evaluate each Application for Payment, and, if satisfied that the Application was in order, would then issue a Certificate for Payment in the correct amount. Appellant was paid $70,067.89 in response to his submitted and approved Applications for Payment.

Appellant submitted two more Applications for Payment to the architect for a total of $27,299.83. These applications were approved; however, appellees refused to pay them. Appellant filed suit for the payments and appellees counterclaimed for breach of contract and violation of Tex. Bus. & Com.Code Ann. § 17.45 et seq. (Vernon 1977), the Texas Deceptive Trade Practices Act.

In response to special issues submitted on the substantial performance doctrine and on attorneys' fees, the jury found that appellant did not substantially perform the contract and that appellees were entitled to $18,500.00 as costs to remedy the defects in their home. The jury further found attorneys' fees for both parties. The court rendered judgment that appellant take $27,299.33 and no attorneys' fees and that appellees take $18,500.00 and attorneys' fees of $5,519.00. This appeal followed.

▪ In point of error one, appellant argues that there was insufficient evidence to support the jury's answer to Special Issue No. 3. Special Issue No. 3 inquired: "What amount of money was reasonably necessary to complete the work that should have been performed by Plaintiff?" The jury responded: "$18,500.00." Appellant asks this court to modify the judgment of the court below to $6,250.00, an amount which appellant states is reflected by the evidence.

First, we note that appellant had the burden of proof with respect to the cost of remedying any defects. *See Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 483 (Tex.1984). Therefore, by this point of error appellant is actually urging that the jury finding regarding Special Issue No. 3 was against the great weight and preponderance of the evidence. In reviewing this point, we consider all of the evidence in the record to determine whether the finding is manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

The evidence indicated that appellant performed work on appellees' home, for which it was paid $70,067.89. Appellees then cancelled their contract with appellant. Appellant's president testified that at the time of cancellation there remained only "finish" work, which would cost about $5,000.00 to complete. Appellees' complaint, however, centered around the quality of the work which had been completed by appellant rather than the work which remained unfinished. Appellees' expert testified that rebuilding the kitchen and breakfast room to exact contract specification would cost approximately $17,500.00. Further, he testified to the cost of remedying other defects, to wit: rebuilding the front porch, $1,000.00; re-installing three casement windows, $150.00; and straightening an interior wall, $100.00. Thus, there was evidence in the record that the cost of remedying the defects was $18,750.00.

Appellant argues that the alleged "defects" in the kitchen and breakfast room, although not in accordance with the contract specifications, were nonetheless not "defects." There was evidence presented that appellant used different kinds of wood in the construction of the kitchen cabinets; however, appellees' expert testified that the ash used by appellants was a good wood and that he could not discern the difference between the various woods used to build the cabinets because the wood was painted. The expert also noted that the contract specifications required birch, not ash. Further, the evidence demonstrated that the kitchen island was placed four inches over from the point at which the plans indicated it was to be located. Appellant's president testified that this four-inch misalignment was necessary to provide needed support for the roof; appellees' expert testified that the misalignment had no structural significance and that the island was not in accordance with the contract plans.

In reviewing all of the evidence, we do not find the jury finding to be manifestly

unjust. The only evidence presented by appellant concerned cost of completion; cost of completion was not an issue in this case. The evidence presented by appellees concerned the cost necessary to bring the house into compliance with the contract specifications. We find no error. Point of error one is overruled.

Points of error three and four concern the court's award of attorneys' fees to appellees. Appellant argues that, in order to recover attorneys' fees as found by the jury in response to Special Issue No. 5, appellees must have first pleaded and then offered proof that they had made presentment of demand as required by Tex.Rev. Civ.Stat.Ann. art. 2226 (repealed and replaced by Tex.Civ.Prac. & Rem.Code Ann. §§ 38.001–.006 (Vernon 1986)). Appellant argues that (1) appellees failed to plead presentment of demand and (2) no evidence exists to show that presentment of demand was made. We disagree.

■ Rule 90 of the Texas Rules of Civil Procedure provides, in part:

> Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account; ....

Further, Tex.R.Civ.P. 274 provides, in part:

> A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an ... issue ... on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objections.

Appellant did not bring the alleged pleading defect to the attention of the trial judge before the judgment was signed; nor did appellant object to the submission of Special Issue No. 5, which inquired as to the reasonable attorneys' fees incurred by appellees. Consequently, he has waived any error which complains of the failure of the pleadings to allege presentment of demand. *Fidelity & Casualty Co. of New York v. Central Bank of Houston*, 672 S.W.2d 641, 647 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

■ Moreover, we find that evidence concerning presentment of demand was introduced. In deciding legal insufficiency or no evidence points of error, we consider only that evidence and reasonable inferences therefrom, which, viewed in the light most favorable to the verdict, support the jury findings and uphold the verdict if there is any evidence supporting it. *Northwest Mall, Inc. v. Lubri-Lon International, Inc.*, 681 S.W.2d 797, 801 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The record indicates that appellant was given a "punch list" by appellees, which indicated items that needed to be finished or corrected by appellant. Appellant responded to this "punch list" and indicated which items he would correct. Further, appellant indicated at trial that once the kitchen island was in place, appellees objected to its placement. We find that this evidence is sufficient proof of presentment of demand by appellees. *See Stuckey v. White*, 647 S.W.2d 35 (Tex.App.—Houston [1st Dist.] 1982, no writ) (court found that letters exchanged between the parties, which pointed out various defects in construction, and, which indicated that the builder was aware of the owner's demands, showed a sufficient presentment of the owner's claim). Points of error three and four are overruled.

In the appellees' only cross-point, they maintain that the court below erred in rendering judgment for appellant in the amount of $27,299.33. As appellees correctly point out, the only basis upon which appellant was entitled to recover is the substantial performance doctrine, which was submitted to the jury in Special Issue No. 1. The jury found, however, that appellant did not substantially perform the work for appellees. Although appellant could have attempted a recovery upon the basis of quantum meruit, it did not submit such an issue nor did it offer any pleadings on quantum meruit.

 Appellees maintain that the trial court cannot ignore a jury's answer to a special issue on its own initiative and in the absence of a motion under Tex.R.Civ.P. 301. This is a correct statement of the law. While the court may, on its own motion, disregard jury findings on a special issue that is immaterial, *Clear Lake City Water Authority v. Winograd,* 695 S.W.2d 632, 639 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.), it is not empowered to disregard a jury finding on a material issue on its own initiative and in the absence of proper motion and notice. *Spring Branch Bank v. Mengden,* 628 S.W.2d 130, 136 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); Tex.R.Civ.P. 301. Moreover, if a motion for judgment n.o.v. is made, it may be granted only if the jury finding has no support in the evidence. *Olin Corp. v. Cargo Carriers, Inc.,* 673 S.W.2d 211, 214 (Tex.App.—Houston [14th Dist.] 1984, no writ). Where the jury's answers to special issues have any support in the evidence, the trial judge may not disregard the jury's answers. *Id.*

 We note that after the jury returned its answers to the special issues, appellant filed a motion for judgment n.o.v. pursuant to Tex.R.Civ.P. 301. The record contains no written order indicating whether this motion was granted or denied. However, the court's docket sheet reflects that this motion was denied.[1] The court then entered a judgment for appellant in the amount of $27,299.33 and for appellees in the amount of $18,500.00 and attorneys' fees of $5,519.00. We find, however, that the trial court's action of entering judgment for appellant was improper because there is some evidence in the record to support the jury's finding that appellant did not substantially perform the work. We sustain appellees' cross-point and modify the judgment to reflect that appellant take nothing.

In point of error two, appellant complains that the court below erred in not granting appellant its attorneys' fees as found by the jury in response to Special Issue No. 4. Article 2226 of the Texas Revised Civil Statutes does not authorize recovery for attorneys' fees for a party if that party did not prevail on its cause of action. *McKinley v. Drozd,* 685 S.W.2d 7, 10 (Tex.1985). Because we have sustained appellees' cross-point and held that appellant take nothing, we must overrule point of error two.

The judgment of the trial court is modified and affirmed as modified.

---

1. "A docket entry may supply facts in certain situations, [citation omitted], but it cannot be used to contradict or prevail over a final judicial order." *N–S–W Corp. v. Snell,* 561 S.W.2d 798, 799 (Tex.1977).