993 F.2d 1551
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CIRRUS PRODUCTION COMPANY, Plaintiff-Appellant,
v.
CLAJON GAS COMPANY, L.P., a Limited Partnership, Defendant-Appellee.
 No. 92-6357.
 United States Court of Appeals, Tenth Circuit.
 May 10, 1993.
 
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this diversity case governed by Texas law, plaintiff Cirrus Production Co. appeals the district court's order of October 6, 1992, denying Cirrus's requests for attorney fees and for prejudgment interest and requiring Cirrus to pay the costs incurred by defendant Clajon Gas Co. after Cirrus rejected Clajon's offers of judgment. We affirm in part, reverse in part, and remand for further proceedings consistent with this order and judgment.
 
 
 3
 Cirrus, as the supplier of natural gas, and Clajon, as the purchaser, entered into a gas purchase contract on May 31, 1990, to cover gas supplied to Clajon after June 1, 1990. Clajon paid Cirrus for the first month's delivery of gas, but thereafter held in suspense all payments for gas received. The parties corresponded about the suspended payments in August and September of 1990, but did not resolve the matter.
 
 
 4
 Cirrus brought suit against Clajon in 1991 for breach of contract, conversion, fraud, and tortious bad faith. In June 1991, Clajon made two offers of judgment to Cirrus pursuant to Fed.R.Civ.P. 68 for $464,121.32, the principal amount due under the contract at the time it terminated, plus amounts for attorney fees, costs, and interest. Cirrus rejected both offers of judgment.
 
 
 5
 Thereafter, Cirrus and Clajon filed cross motions for partial summary judgment. The court granted summary judgment to Clajon on the conversion and fraud claims, and, upon reconsideration, on the bad faith claim, as well. Based on Clajon's confession of judgment in the principal amount due under the contract, the court entered judgment in favor of Cirrus on the contract claim in the amount of $464,121.32.
 
 
 6
 Once judgment was entered on all the claims, Cirrus moved for attorney fees under Tex.Civ.Prac. & Rem.Code Ann. §§ 38.001-.006, for costs, and for prejudgment interest under Tex.Nat.Res.Code Ann. §§ 91.401-.406. Clajon objected to Cirrus's requests and also filed its own request for fees and costs incurred after Cirrus's rejection of the offers of judgment, based on Rule 68 and 28 U.S.C. § 1927. The court denied Cirrus's requests for attorney fees and prejudgment interest, granted Clajon's request for costs incurred after its two Rule 68 offers of judgment, and denied Clajon's request for costs, expenses, and attorney fees under 28 U.S.C. § 1927.
 
 
 7
 We review the district court's findings of fact for clear error, O'Connor v. R.F. Lafferty & Co., 965 F.2d 893, 901 (10th Cir.1992), and review its conclusions of law de novo, Heins v. Ruti-Sweetwater, Inc. (In re Ruti-Sweetwater, Inc.), 836 F.2d 1263, 1266 (10th Cir.1988). The parties agree that Texas law governs both the award of attorney fees and of prejudgment interest. See King Resources Co. v. Phoenix Resources Co. (In re King Resources Co.), 651 F.2d 1349, 1353 (10th Cir.) ("[I]n diversity cases generally, and certainly in this circuit, attorney fees are determined by state law and are substantive for diversity purposes."), cert. denied, 454 U.S. 881 (1981); Lone Mountain Prod. Co. v. Natural Gas Pipeline Co. of Am., 984 F.2d 1551, 1561 (10th Cir.1992) ("[I]n this diversity action, prejudgment interest is to be allowed if available under state law.").
 
 
 8
 I. Attorney Fees.
 
 
 9
 In its complaint, Cirrus prayed for actual and punitive damages, as well as for "all attorneys' fees and costs of this action incurred by the Plaintiff in having to pursue this action, and such other relief as may be deemed appropriate." Appellant's App., Second Amended Complaint, at 6. A prevailing party on a contract claim may recover attorney fees under Texas law if it meets the requirements of Tex.Civ.Prac. & Rem.Code Ann. § 38.002, which provides:
 
 
 10
 To recover attorney's fees under this chapter:
 
 
 11
 (1) the claimant must be represented by an attorney;
 
 
 12
 (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and
 
 
 13
 (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.
 
 
 14
 The district court determined that Cirrus neither pleaded nor proved that it presented its contract claim to Clajon and concluded, therefore, that Cirrus could not recover attorney fees under the Texas statute. While we agree that Cirrus did not plead compliance with the statutory requirements in its complaint, we conclude that the court erred in holding that Cirrus failed to prove sufficient presentment of its claim under section 38.002.
 
 
 15
 The provisions of section 38.002 do not constitute prerequisites to suit. A claimant need only satisfy the requirements of section 38.002 before judgment is entered on the underlying claim. See All Valley Acceptance Co. v. Durfey, 800 S.W.2d 672, 676 (Tex.Ct.App.1990) (per curiam); Stafford v. Brennan, 498 S.W.2d 703, 706 (Tex.Civ.App.1973) (regarding Article 2226, the predecessor to sections 38.001-006).
 
 
 16
 Many Texas cases have stated that a plaintiff must both plead and prove presentment of his claim and failure to pay to recover attorney fees. See, e.g., Guerra v. Brown, 800 S.W.2d 343, 345 (Tex.Ct.App.1990) (disallowing attorney fees because plaintiff "did not plead and prove presentment of his claim"); Stafford, 498 S.W.2d at 706 ("The burden of proof is on the plaintiff to plead and prove presentment and failure to pay for thirty days in order to collect attorney's fees.").
 
 
 17
 Virtually none, however, has refused to award attorney fees to a claimant who has proved presentment and failure to pay within thirty days, but has failed to allege those facts in its pleadings. See, e.g., Gunter v. Bailey, 808 S.W.2d 163, 166 (Tex.Ct.App.1991) ("The award of reasonable attorney's fees to a plaintiff recovering on a valid claim founded on a written or oral contract preceded by proper presentment of the claim is mandatory."); Mendleski v. Silvertooth, 798 S.W.2d 30, 32 (Tex.Ct.App.1990) (stating that "failure to properly plead presentment would be waived absent a special exception"); Arch Constr., Inc. v. Tyburec, 730 S.W.2d 47, 50 (Tex.Ct.App.1987) (holding that defendant "waived any error which complains of the failure of the pleadings to allege presentment" by failing to make a special exception to the pleadings under Tex.R.Civ.P. 90 or to object under Tex.R.Civ.P. 274 to the jury charge on the reasonableness of plaintiff's claimed attorney fees); see also Huff v. Fidelity Union Life Ins. Co., 312 S.W.2d 493, 499-500 (Tex.1958) (holding plaintiff who proved presentment and failure to pay was entitled to attorney fees under Article 2226 even though his pleadings did not allege facts establishing presentment; defendant waived any defect in the pleadings by failing to specifically object under Tex.R.Civ.P. 90); cf. Enserch Corp. v. Shand Morahan & Co., 952 F.2d 1485, 1501 (5th Cir.1992) ("We can find no case where a party that clearly presented a claim for attorney fees for enforcing a contract (the situation section 38.001(8) addresses), yet failed to mention that statute, has been denied those fees. We find that [defendants] were clearly put on notice that [plaintiff], if it prevailed, would seek its attorney fees under the applicable statute, and that to deny [plaintiff] those fees would hold [it] to too rigid a pleading requirement.").
 
 
 18
 Moreover, the Texas Supreme Court has upheld the entry of default judgments that included awards for attorney fees under sections 38.001-.002 even though the pleadings, which prayed for attorney fees, failed to allege that the defendant did not tender performance within thirty days of the plaintiffs' demands. Paramount Pipe & Supply Co. v. Muhr, 749 S.W.2d 491, 496 (Tex.1988) ("Certainly the omission to allege that [defendant] failed to tender payment within thirty days would have been subject to attack by special exception. We conclude, however, that the petitions gave [defendant] fair notice that [plaintiffs] were seeking recovery of attorney's fees."). But see Nettles v. Del Lingco of Houston, 638 S.W.2d 633, 635 (Tex.Ct.App.1982) (holding that pleadings were not sufficient to sustain default judgment for attorney fees under Article 2226 because they failed to allege that plaintiff presented its claim to defendant, who failed to tender amount owing within thirty days).
 
 
 19
 Therefore, we conclude as a matter of substantive Texas law that so long as a claimant prevails on a claim that would support the award of fees under section 38.001 and proves compliance with the requirements of section 38.002, he is entitled to an award of attorney fees, regardless of whether he properly pled compliance with the requirements of section 38.002. We turn then to the evidence before the district court.
 
 
 20
 Pursuant to the May 31 gas purchase contract between Cirrus and Clajon, Clajon had the right to take and purchase 100% of Cirrus's "Delivery Capacity." Appellant's App., Gas Purchase Contract, at 13-14. The contract further provided that after deliveries of gas commenced, Clajon had to give Cirrus, on or about the last day of the month, "a statement with payment for the quantity of gas delivered during the preceding calendar month." Id. at 28.
 
 
 21
 Clajon's president, Robert C. Lyon, averred in an affidavit that Cirrus began delivering gas to Clajon immediately after May 31, 1990, and that Clajon paid Cirrus for the gas delivered during the first month. Appellee's Supplemental App., Lyon Aff., at 1. Before Clajon paid for the second month, however, representatives of Cirrus made statements in depositions conducted in ongoing state litigation over the parties' previous gas purchase contracts that led Mr. Lyon to believe Cirrus was repudiating the May 31 contract. Therefore, Clajon "suspended payments for gas delivered subsequent to June 30, 1990." Id. at 2. Clajon, however, "provided monthly, suspense reports to Cirrus for each month's payment that was suspended." Id.
 
 
 22
 The parties corresponded about the suspended payments in August and September of 1990. Mr. Gill, the president of Cirrus, wrote Mr. Lyon on September 10, stating in pertinent part: "I have reviewed the contract and find no provision in it which would authorize you to suspend our payments under the present circumstances.... Your cooperation in immediately releasing the payments which you are holding in suspense will be appreciated." Appellant's App., Br. in Supp. of Pl.'s Application for Attorney Fees & Prejudgment Interest, Ex. A, at 248. On September 28, Mr. Gill wrote Mr. Lyon confirming the parties' agreement that "the contract dated May 31, 1990 between Cirrus Production Company and Clajon Gas Company, L.P. is the exclusive instrument governing the deliveries of gas of Cirrus after June 1, 1990." Id., Ex. B, at 249.
 
 
 23
 By its terms, the Texas attorney fee statute is to be "liberally construed to promote its underlying purposes." Tex.Civ.Prac. & Rem.Code Ann. § 38.005. "[N]o particular form of presentment is required...." Criton Corp. v. Highlands Ins. Co., 809 S.W.2d 355, 358 (Tex.Ct.App.1991); see also Ashford Dev., Inc. v. US Life Real Estate Servs. Corp., 661 S.W.2d 933, 936 (Tex.1983) ("Article 2226 does not require that the presentment of the claim to the debtor be in any particular form or manner."). "[A]ll that is necessary is that an assertion of a debt or claim and a request for compliance be made to the opposing party, and the failure of that party to render performance." Adams v. Petrade Int'l, Inc., 754 S.W.2d 696, 719 (Tex.Ct.App.1988).
 
 
 24
 In Huff v. Fidelity Life Ins. Co., the Texas Supreme Court determined that correspondence between the parties showing that the plaintiff was claiming that the defendant owed him certain commissions and that the defendant was refusing to pay the commissions was sufficient to support an award of attorney fees under Article 2226. 312 S.W.2d at 500. The court noted that " 'to meet the terms of the statute it is not indispensable that the demand be evidenced by firm and commanding language. It may be couched in customarily-used polite language of the day. All that is required is the assertion of a right under the contract and a request for compliance therewith.' " Id. (quoting National Life & Accident Ins. Co. v. Dove, 174 S.W.2d 245, 247 (Tex.1943)); see also Criton Corp., 809 S.W.2d at 358 (holding that testimony from president of general contractor that he called president of subcontractor "and presented his request that full performance be tendered and [the request] was refused" was sufficient evidence of presentment); Adams, 754 S.W.2d at 719 (holding evidence that claimant sent appellant letter summarizing terms of parties' gas purchase contract and stating that payment was due upon presentation of invoice and later presented appellant's representatives with gasoline contracts and invoices for 200,000 barrels of gasoline was sufficient presentment); Chandler v. Mastercraft Dental Corp. of Tex. Inc., 739 S.W.2d 460, 470 (Tex.Ct.App.1987) (holding evidence that attorney for plaintiff "discussed in detail" with attorney for defendants the defendants' belief that they were no longer required to abide by covenant not to compete was sufficient evidence of presentment).
 
 
 25
 We conclude that Mr. Gill's correspondence with Mr. Lyon constituted sufficient presentment of Cirrus's contract claim to Clajon. The letters apprised Clajon that Cirrus was relying on the May 31 contract, that the contract did not authorize Clajon to suspend payments for gas received, and that Cirrus wanted Clajon to pay it the monies being held in suspense.
 
 
 26
 The district court determined that Mr. Gill's letters did not constitute adequate presentment. In so ruling, the court recited Clajon's arguments against presentment, but did not specifically state on which, if either, of the arguments the court relied in reaching its conclusion.
 
 
 27
 Clajon's first argument, which it also advances on appeal, was that because the May 31 contract was still ongoing when Cirrus requested that Clajon remit the payments being held in suspense, Cirrus did not yet have a "mature claim" for payment. We reject this argument. Payment was due under the contract on a monthly basis. Cirrus did not have to wait until the contract expired or terminated to bring suit for Clajon's failure to make each monthly payment as it became due.
 
 
 28
 Clajon's second argument, also advanced on appeal, was that Mr. Gill's letters could not constitute presentment of the contract claim because they did not recite a sum certain that was owed. We reject this argument, as well. Although the Texas cases cited by Clajon and the district court happen to involve demands for payment of specific sums, Texas case law, in general, does not appear to require demand of a sum certain. See Lone Star Steel Co. v. Scott, 759 S.W.2d 144, 157 (Tex.Ct.App.1988) (holding that admission by defendant employer that plaintiff employee "had repeatedly requested payment for his suggestion" on how to improve employer's manufacturing process was "sufficient proof of presentment under Section 38.002"); Chandler, 739 S.W.2d at 470 (holding that discussion between plaintiff's and defendants' attorneys about defendants' belief that they did not have to adhere to covenant not to compete was sufficient evidence of presentment to support award of attorney fees to plaintiff employer on claim for breach of covenant); Arch Constr., Inc., 730 S.W.2d at 50 (holding that homeowners' presentation of punch list to contractor was sufficient evidence of presentment to support award of attorney fees on homeowners' claim for breach of remodeling contract); cf. Adams, 754 S.W.2d at 719-20 (holding that although seller of gasoline demanded payment of the full amount due under the contract and recovered as damages only the difference between the market value and the contract price of the gasoline, on a promissory estoppel theory, seller's presentment was sufficient to support an award of attorney fees).
 
 
 29
 Moreover, the evidence showed that Clajon was the party given the duty under the contract to calculate the amount due each month and that it provided monthly statements to Cirrus showing the amount it was holding in suspense. Therefore, Clajon knew exactly how much money was due when Cirrus asked that Clajon remit all payments being held in suspense.
 
 
 30
 Having concluded that Cirrus adequately presented its contract claim to Clajon, we must now consider whether Clajon's failure to tender immediate performance entitles Cirrus to an award of attorney fees. Although the pleadings establish that Clajon continued to suspend payments due under the contract after Mr. Gill's demand for payment in the fall of 1990, they also establish that Clajon made Cirrus two offers of judgment for $464,121.32, the amount claimed by Cirrus to be due under the contract, see Appellant's App., p 10 Second Amended Complaint, at 3, and that Cirrus rejected those offers. Clajon argued before the district court that Cirrus's rejection of the offers of judgment precluded it from recovering attorney fees under the Texas statute or, at a minimum, limited the fees to which Cirrus would be entitled. Because the district court disposed of Cirrus's fee request on the ground that it did not plead or prove presentment, the court did not address Clajon's arguments about the effect of Cirrus's rejection of the offers of judgment. The district court should address these issues on remand.
 
 
 31
 II. Prejudgment Interest.
 
 
 32
 After the district court entered judgment in favor of Cirrus on the contract claim, Cirrus sought to recover prejudgment interest on the claim under Tex.Nat.Res.Code Ann. §§ 91.401-.406. This statute governs payment from the proceeds of the sale of oil or gas from a well located in Texas. See id. § 91.401(1). Among other things, the statute sets forth the time for payment of proceeds and the right to interest on late payments. Id. §§ 91.402, 91.403. The statute gives a payee "a cause of action for nonpayment of oil or gas proceeds or interest on those proceeds as required in Section 91.402 or 91.403 of this code." Id. § 91.404(a). Although the statute gave Cirrus a cause of action for nonpayment of interest on the gas proceeds, Cirrus failed to allege any claim for interest in its Second Amended Complaint. Cirrus also failed to amend its complaint to assert a claim for interest. Under the circumstances, the district court properly denied Cirrus's request for statutory prejudgment interest. See Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1484 (9th Cir.1984) ("It is not 'the duty of the trial court or the appellate court to create a claim which appellant has not spelled out in his pleading.' ") (quoting Case v. State Farm Mut. Automobile Ins. Co., 294 F.2d 676, 677-78 (5th Cir.1961)).
 
 
 33
 III. Clajon's Post-Offer-of-Judgment Costs.
 
 
 34
 The district court awarded Clajon the costs it incurred after Cirrus rejected the two Rule 68 offers of judgment. The court noted that "[t]he only difference [between the offers and the judgment Cirrus ultimately received] is that the first two offers included small amounts for interest and attorney's fees, sums the Court has herein determined are not recoverable." Appellant's App., Order, at 404. The court then determined that because the offers of judgment included additional amounts for interest and attorney's fees that Cirrus did not ultimately recover, the judgment Cirrus obtained was not more favorable than Clajon's offer. Id. at 404-05. Therefore, the court awarded Clajon its post-offer costs under Rule 68. Appellant's App., Order, at 405.
 
 
 35
 Our remand of the attorney fee issue may alter the factual basis for the district court's ruling on Clajon's request for post-offer costs. If the district court determines on remand that Cirrus is entitled to attorney fees, then it should determine whether the fee award affects its earlier determination that the judgment Cirrus obtained is not more favorable than Clajon's offers of judgment.
 
 
 36
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED IN PART and REVERSED IN PART, and the case is REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 *
 Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3