**Trial Court Judgment of January 22, 2020, Declared Void and Vacated; Trial Court Judgment of September 16, 2019, Affirmed; and Memorandum Opinion filed January 25, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00994-CV

---

### O'ROURKE DIST. CO., INC., Appellant

### V.

### TEXAS PREMIER RESOURCES, LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1114269**

---

## MEMORANDUM OPINION

Appellant argues that the trial court signed its amended final judgment after its plenary power expired and thus the amended judgment is void. Appellant also argues that the trial court erred in awarding attorney's fees to appellee in the original final judgment because the trial court's allowing appellee an oral trial amendment to add an attorney's fees claim did not suffice to modify appellee's pleading in the absence of the filing of a written amendment. Concluding that

appellant's first argument has merit and that appellant waived its second argument, we declare the amended judgment void, vacate the amended judgment, and affirm the original judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff O'Rourke Dist. Co., Inc. filed suit against appellee/defendant Texas Premier Resources, LLC, alleging that Texas Premier failed to pay approximately $10,500 to O'Rourke for materials O'Rourke supplied to Texas Premier. O'Rourke asserted various claims against Texas Premier, including a claim for breach of a credit agreement. Texas Premier filed an answer in which it denied O'Rourke's allegations but did not seek to recover attorney's fees or any other affirmative relief.

The case proceeded to a bench trial at which O'Rourke sought to recover against Texas Premier for breach of the credit agreement. O'Rourke also sought to recover its attorney's fees under a provision in the agreement allowing the "substantially prevailing party" to recover its attorney's fees in connection with any claims or litigation. On September 16, 2019, the trial court signed a final judgment ordering that O'Rourke take nothing on all of its claims and awarding Texas Premier $6,000 in reasonable attorney's fees (the "First Judgment"). O'Rourke timely perfected this appeal. On January 22, 2020, the trial court signed an amended final judgment purporting to amend its first judgment (the "Second Judgment").

## II. ISSUES AND ANALYSIS

### A.    Is the Second Judgment Void?

In its first issue, O'Rourke argues that the trial court signed the Second Judgment after its plenary power expired and that the Second Judgment is void. The trial court signed the First Judgment on September 16, 2019. O'Rourke timely

2

filed a motion for new trial, which the trial court allowed to be overruled by operation of law on November 30, 2019, seventy-five days after the trial court signed the First Judgment.[1] *See* Tex. R. Civ. P. 329b(c); *In re Timberlake*, 501 S.W.3d 105, 110 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). Thirty days later, on December 30, 2019, the trial court lost its plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment. *See* Tex. R. Civ. P. 329b(e); *In re Timberlake*, 501 S.W.3d at 110.

After a trial court's plenary power over a final judgment has expired, the trial court generally cannot sign an order or judgment in the same case in which the court sets aside, vacates, modifies, corrects, or reforms its judgment, and an order or judgment in the same case in which the trial court does so generally is void. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); *In re Martinez*, 478 S.W.3d 123, 126 (Tex. App.—Houston [14th Dist.] Oct. 1, 2015, orig. proceeding). There are some exceptions to this rule, but the facts of this case do not fall within any of the potential exceptions. *See In re Martinez*, 478 S.W.2d at 126–27 (listing the potential exceptions under which a trial court may set aside, vacate, modify, correct, or reform a prior final judgment in the same case). Therefore, the Second Judgment is void, and the First Judgment is the trial court's final judgment.[2] *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Martinez*, 478 S.W.2d at 126–28. We sustain the first issue, declare the Second Judgment to be void, and vacate the Second Judgment.

## B.    Did O'Rourke waive its Complaint?

In its second issue, O'Rourke argues that the trial court erred in awarding Texas Premier attorney's fees in the First Judgment because the trial court's

---

[1] Even though the motion for new trial was overruled by operation of law on November 30, 2019, the trial court signed an order purporting to deny the motion on December 4, 2019.

[2] Texas Premier effectively conceded this issue by not responding to it in its brief.

allowing Texas Premier an oral trial amendment to add an attorney's fees claim did not suffice to modify Texas Premier's pleading in the absence of the filing of a written amendment before the trial court signed the First Judgment (the "Complaint").[3] A trial amendment to a party's pleading must be filed in writing. *See City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 73 (Tex. 2000). If a trial court accepts a trial amendment in oral rather than written form, the pleading is defective, but a party waives its complaint to this defect in the pleading if the party fails to specifically object before rendition of judgment in a case tried to the bench or before the submission of the charge in a case tried to a jury. *See* Tex. R. Civ. P. 90, 274; *Zimlich*, 29 S.W.3d at 73; *In re M.C.K.*, No. 14-17-00289-CV, 2018 WL 1955065, at *4 (Tex. App.—Houston [14th Dist.] Apr. 26, 2018, no pet.) (mem. op.); *Arch. Const., Inc. v. Tyburec*, 730 S.W.2d 47, 50 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *see also Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991) (holding that an unpleaded affirmative defense may serve as a basis for a summary judgment when it is raised in the summary-judgment motion and the opposing party does not object to the failure to plead the affirmative defense before the trial court renders judgment).

Near the end of the bench trial in today's case, Texas Premier's counsel called himself as a witness to testify regarding Texas Premier's attorney's fees. O'Rourke objected to Texas Premier's counsel testifying on the ground that there was no pleading in Texas Premier's answer that would entitle Texas Premier to recover attorney's fees and that Texas Premier had not filed a counterclaim. Texas Premier's counsel asked the trial court to allow Texas Premier to make an oral trial amendment of Texas Premier's pleading so Texas Premier could seek to recover its

---

[3] O'Rourke asserts in its opening brief that "an oral amendment at trial is insufficient to modify pleadings" and that "[t]he oral order granting Texas Premier's oral trial amendment cannot suffice." (internal quotations and citation omitted).

attorney's fees under the credit agreement's prevailing-party provision. The trial court overruled O'Rourke's objection, stated that the court would hear the testimony regarding Texas Premier's attorney's fees, and ruled that it would allow the requested amendment to Texas Premier's pleading. At the end of the bench trial, the trial court announced that the court found against O'Rourke on all of its claims, including its request for attorney's fees. The trial court stated that it would not rule at that time on Texas Premier's request for attorney's fees because the court wanted to consider a case that O'Rourke had presented to the trial court. The trial court awarded O'Rourke attorney's fees in the First Judgment.

On appeal, O'Rourke contends that it did not waive the Complaint based on its objection during trial when Texas Premier's counsel called himself as a witness. But that objection was to Texas Premier presenting evidence as to its attorney's fees, and the objection was based on the absence of a pleading by Texas Premier seeking recovery of attorney's fees. In O'Rourke's objection, it did not object that the trial court's allowing Texas Premier an oral trial amendment to add an attorney's fees claim did not suffice to modify Texas Premier's pleading in the absence of the filing of a written amendment. After O'Rourke made its objection to attorney's fees testimony from Texas Premier's attorney, Texas Premier's counsel asked the trial court to allow Texas Premier to make an oral trial amendment of Texas Premier's pleading so Texas Premier could seek to recover its attorney's fees under the credit agreement's prevailing-party provision. The trial court overruled O'Rourke's evidentiary objection based on the lack of a pleading, stated that it would hear the testimony regarding Texas Premier's attorney's fees, and ruled that it would allow the requested amendment to Texas Premier's pleading. O'Rourke's objection did not constitute a specific objection that the trial court's allowing Texas Premier an oral trial amendment to add an attorney's fees claim did

5

not suffice to modify Texas Premier's pleading in the absence of the filing of a written amendment. *See In re M.C.K.*, 2018 WL 1955065, at \*2, \*4 (concluding appellant waived complaint that the trial amendment was not in written form by failing to raise that complaint, even though appellant objected at trial that appellee had no pleading on file requesting a modification of the "education right" and in response the trial court granted appellee's request for an oral trial amendment).

O'Rourke also asserts that it avoided waiver of the Complaint by raising it in various post-judgment filings and in its statements at the oral hearing on its motion for new trial. We presume, without deciding, that O'Rourke raised the Complaint by objecting at each of these points. Even under this presumption, each of these objections occurred after the trial court signed the First Judgment, and thus came too late to avoid waiver. *See* Tex. R. Civ. P. 90; *Zimlich*, 29 S.W.3d at 73; *Arch. Const., Inc.*, 730 S.W.2d at 50; *see also Roark*, 813 S.W.2d at 494.

O'Rourke cites *Cricket Communications, Inc. v. Trillium Industries, Inc.*, 235 S.W.3d 298, 310–11 (Tex. App.—Dallas 2007, no pet.). In *Cricket*, the trial court denied recovery of attorney's fees, and the case did not involve any issue of the trial court allowing an oral trial amendment. *See Cricket Communications*, 235 S.W.3d at 310–11. Thus, the *Cricket* case is not on point in our analysis as to whether O'Rourke waived the Complaint. *See id*. O'Rourke also relies on *Dallas Area Rapid Transit v. Morris*, 434 S.W.3d 752, 760–61 (Tex. App.—Dallas 2014, pet. denied). In *Morris*, the trial court allowed an oral trial amendment for the plaintiff to plead the applicable standard of care, but the court of appeals concluded that the plaintiff did not need to plead the applicable standard of care, so the statements by the appellate court that the defendant did not waive any complaint regarding the oral trial amendment were obiter dicta. *See Morris*, 434 S.W.3d at 760–61. In any event, the *Morris* court stated that the defendant objected after the

6

plaintiff sought an oral trial amendment, and the appellate court indicated that the plaintiff objected twice—once "at the time the oral amendment was made" and once "at the charge conference." *Morris*, 434 S.W.3d at 760, n.6. The *Morris* case is not on point.

In part of its briefing, O'Rourke also indicates that rather than allowing Texas Premier an oral trial amendment, the trial court granted Texas Premier leave to file a written amendment to the pleadings in the future. In context, we construe the trial court's ruling near the end of trial as allowing an oral trial amendment.[4]

We conclude that O'Rourke waived the Complaint by failing to raise it by specific objection before rendition of judgment. *See* Tex. R. Civ. P. 90; *Zimlich*, 29 S.W.3d at 73; *In re M.C.K.*, 2018 WL 1955065, at *2, *4; *Arch. Const., Inc.*, 730 S.W.2d at 50. Therefore, we overrule the second issue, and having addressed all of O'Rourke's issues, we affirm the First Judgment.[5]

/s/     Randy Wilson
                Justice

Panel consists of Justices Jewell, Poissant, and Wilson.

---

[4] At oral argument on the motion for new trial, Texas Premier's lawyer stated that "[w]e made an oral trial amendment and asked for attorney's fees." In response the trial court stated, "You did that orally, though, and I granted it."

[5] The trial court also awarded Texas Premier (1) "any reasonable and necessary appellate attorney's fees . . . for defending . . .an appeal in any court of appeals," if O'Rourke unsuccessfully appealed the First Judgment to a court of appeals; and (2) "any reasonable and necessary appellate attorney's fees . . . for responding to a petition for review, and if review is granted, defending . . . an appeal in the Supreme Court of Texas," if O'Rourke unsuccessfully appealed the First Judgment to the Supreme Court of Texas. O'Rourke's second issue, if successful would preclude all recovery of attorney's fees by Texas Premier. But O'Rourke has not assigned error specifically as to these awards of appellate attorney's fees, nor has O'Rourke argued that the trial court erred in making these awards because the trial court did not specify an amount of fees. In adjudicating this appeal, we need not and do not address any issue specific to these awards of appellate fees.