Daniel B. CHILDS, As Guardian of Dorothy "Dot" H. Childs, Appellant,

v.

L.M. HEALTHCARE, INC., a Texas Corporation, d/b/a Longmeadow Care Center, Appellee.

No. 2–94–226–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 12, 1995.

Rehearing Overruled Nov. 22, 1995.

Daniel B. Childs, Jacksonville, for Appellant.

Thomas W. McQuage, Larry W. Weiman, Greer, Herz & Adams, L.L.P., Galveston, for Appellee.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

## OPINION

BRIGHAM, Judge.

Daniel B. Childs, guardian of Dorothy "Dot" H. Childs, and defendant below, pursues this appeal from a judgment for L.M. Healthcare, Inc., d/b/a Longmeadow Care Center ("Longmeadow") following a claim by an alleged creditor against the estate of Dot Childs, an incompetent person. In his first two points of error, Daniel claims the trial court erred by conducting a hearing on Longmeadow's Motion to Modify Judgment and by entering a second judgment after the trial court's plenary power had expired (points one and two). Point of error three claims the trial court made findings on a claim to a guardian before the guardian claim period had expired. We sustain his first and second points of error, reverse the judgment of the trial court and render judgment for appellant.

## FACT SUMMARY

Longmeadow filed suit on a sworn account against the estate of Dorothy "Dot" Childs. A separate civil action was filed under the same cause number as the original guardianship proceedings, and the case was set for trial. On January 28, 1994, the trial court heard the evidence and arguments and rendered judgment that Longmeadow could not recover from the estate because it failed to prove their claim in compliance with the Texas Probate Code.

Longmeadow filed a Motion for New Trial on February 7, 1994, and a hearing was set for March 3, 1994. At the hearing, the trial court signed the January 28, 1994, judgment (the "first judgment") and signed an order denying Longmeadow's Motion for New Trial.

On April 4, 1994, Longmeadow filed a Motion to Modify Judgment asking the trial court to modify the March 3, 1994, judgment to reflect that it was without prejudice to Longmeadow, so that Longmeadow could file a new lawsuit based on an authenticated claim. The trial court held a hearing on the motion to modify on May 11, 1994; on May 17, 1994, it signed a new judgment (the "second judgment") modifying the first judgment to reflect that it was without prejudice as to Longmeadow. Appellant challenges the second judgment, which he maintains was signed after the trial court's plenary power expired.

## POINTS OF ERROR

Appellant argues his three points of error simultaneously. Appellant asserts that the trial court ignored the Rules of Civil Procedure when it conducted the hearing on Longmeadow's Motion to Modify Judgment after the jurisdiction and plenary power of the court had expired. He continues that the trial court further ignored the Rules of Civil Procedure in entering the second judgment on May 17, 1994. Additionally, he claims that the trial court, by its Order on Motion to Modify Judgment, made findings that a particular document was a "properly authenticated claim" and that such findings were improper because it had no authority to rule on that matter at that time.

Longmeadow asserts that its Motion to Modify Judgment was timely filed, because it was filed within 30 days [1] after the judgment

---

1. The 30th day fell on Saturday, April 2. Monday, April 4th is considered the 30th day. *See*     Tex.R.Civ.P. 4.

was signed and granted on the 75th day after the judgment was signed. Longmeadow claims that its Motion to Modify Judgment extended the trial court's plenary power under Tex.R.Civ.P. 329b(g).

 A trial court has plenary power to grant a new trial or vacate, modify, correct or reform a judgment within thirty days after the judgment is signed. Tex.R.Civ.P. 329b(e). A judgment may not be set aside, except by bill of review for sufficient cause, once the trial court's plenary power has expired. Tex.R.Civ.P. 329b(f). If a motion for new trial is filed, the trial court's plenary power is extended until 30 days after the motion is overruled, either by written order or by operation of law. *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex.1993) (orig. proceeding).

Longmeadow's Motion for New Trial was denied by written order on March 3, 1994, the same date on which the first judgment was signed. The trial court's power to change the judgment ended 30 days after the order overruling the Motion for New Trial was signed. Longmeadow maintains that its Motion to Modify Judgment was timely filed on April 4, 1994, the Monday following the weekend on which the 30th day fell. *See* Tex.R.Civ.P. 4.

 Although this Motion to Modify Judgment was timely *filed* on April 4, 1994, the trial court lost its power to act on that motion after that date. Longmeadow had already extended the trial court's plenary power once through the timely filing of a Motion for New Trial. Longmeadow could not further extend the trial court's power to change the judgment through the filing of a subsequent motion. Were we to hold otherwise, a party could create indefinite delay through the carefully timed filing of subsequent motions to modify.

We reject Longmeadow's claim that the May 17, 1994, order "may well amount to a *nunc proc tunc* correction of the record." The order contained the trial court's statement that it still had plenary power to modify the judgment; we conclude the trial court did not intend its order to be viewed as a *nunc proc tunc* correction.

Longmeadow admits in its brief that if appellant is correct in his assertion that the trial court lacked plenary power to hold the May, 1994, hearing on the Motion to Modify Judgment, the May 17, 1994, order is a legal nullity. We agree. Points of error one and two are sustained.

 In point three, appellant complains that the trial court abused its discretion in finding that a document was a "properly authenticated claim" because that matter was not set for hearing and not before the court for consideration. Appellant correctly notes that the court's action was premature because the claim had not been presented to and rejected by the guardian. Tex.Prob. Code Ann. § 314 (Vernon Supp.1995). Point of error three is sustained.

We reverse the judgment of the trial court and render judgment affirming the "first judgment."