**L.M. HEALTHCARE, INC., A Texas Corporation, d/b/a Longmeadow Care Center, Petitioner,**

v.

**Daniel B. CHILDS, As Guardian of Dorothy "Dot" H. Childs, Respondent.**

No. 95–1339.

Supreme Court of Texas.

Sept. 19, 1996.

Thomas W. McQuage, Galveston, for Petitioner.

Daniel B. Childs, Jacksonville, for Respondent.

### OPINION ON MOTION FOR REHEARING

PER CURIAM.

We grant Respondent's motion for rehearing. We withdraw our opinion and judgment of April 12, 1996 and substitute the following.

L.M. Healthcare, Inc., d/b/a Longmeadow Care Center filed suit as an alleged creditor against the estate of Dorothy "Dot" H. Childs. On January 28, 1994, the trial court held that Longmeadow could not recover from Childs because it did not present a properly authenticated claim under the Texas Probate Code.

Longmeadow filed a motion for new trial on February 7, 1994, and the trial court set a hearing for March 3, 1994. At the hearing, the trial court signed both the January 28, 1994 judgment and an order denying the motion for new trial.

On April 4, 1994, Longmeadow filed a motion to modify judgment. Longmeadow asked the trial court to alter its judgment to reflect that it was without prejudice to Longmeadow's refiling its suit. The trial court held a hearing on the motion on May 11, 1994. On May 17, 1994, the trial court rendered an order modifying judgment as requested in Longmeadow's motion. The trial court also added the following finding to its judgment:

> The Court further finds that on May 11, 1994 a properly authenticated claim was filed with the Court and personally served on [Childs] in open court and that the thirty (30) day time to respond by the guardian would expire on June 13, 1994.

■ Childs brought two points of error before the court of appeals complaining that the trial court did not have plenary power to modify its judgment and one point complaining about the trial court's additional finding. The court of appeals sustained all three points. 908 S.W.2d 593. Before this Court, Longmeadow challenges only the court of appeals decision that the trial court did not have plenary power to modify its judgment.

■ Childs claimed that the trial court signed a modified judgment after its plenary jurisdiction expired. The court of appeals concluded that a motion to modify judgment filed within the time the Texas Rules of Civil Procedure permits, but after the trial court overruled a motion for new trial, cannot extend the trial court's plenary jurisdiction. 908 S.W.2d 593. Thus, the court of appeals held the trial court lacked the plenary power to modify the judgment. We disagree.

A party shall file a motion to modify judgment within the time prescribed for a motion for new trial. *See* TEX.R.CIV.P. 329b(g). A party must file a motion for new trial no later than the thirtieth day after the judgment was signed. *See* TEX.R.CIV.P. 329b(b). The court of appeals acknowledged that Longmeadow timely filed its motion to modify on Monday, April 4, 1994. *See* TEX.R.CIV.P. 4. That the trial court overruled Longmeadow's motion for new trial does not shorten the trial court's plenary power to resolve a motion to modify judgment. According to the rules:

A motion to modify, correct, or reform a judgment ..., if filed, shall be filed and determined within the time prescribed by this rule for a motion for new trial *and shall extend the trial court's plenary power ... in the same manner as a motion for new trial.*

TEX.R.CIV.P. 329b(g) (emphasis added).

The overruling of a [motion to modify] shall not preclude the filing of a motion for new trial, *nor shall the overruling of a motion for new trial preclude the filing of a motion to modify, correct, or reform.*

TEX.R.CIV.P. 329b(g) (emphasis added).

If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after *all such motions are overruled,* either by written and signed order or by operation of law, whichever occurs first.

TEX.R.CIV.P. 329b(e) (emphasis added).

These rules do not reduce the seventy-five day plenary power period in which a trial court can determine a motion to modify judgment. *See* TEX.R.CIV.P. 329b(c). These rules do provide that a timely filed motion to modify judgment extends the trial court's plenary power, separate and apart from a motion for new trial.

The court of appeals held that the trial court's plenary power can be extended only once. Otherwise, a party could create indefinite delay through the carefully timed filing of subsequent motions to modify. However, an indefinite delay is not possible under the rules.

Only timely filed motions extend the trial court's plenary jurisdiction. *See* TEX.R.CIV.P. 329b(e),(g). A party must file a motion to modify judgment and motion for new trial within thirty days from the date the trial court signed the judgment. *See* TEX.R.CIV.P. 329b(b),(g). The trial court's plenary jurisdiction cannot extend beyond 105 days after the trial court signs the judgment. *See* TEX.R.CIV.P. 329b(c) (seventy-five days) and TEX.R.CIV.P. 329b(e) (30 days); *See also* TEX.R.CIV.P. 5 (trial court may not enlarge the period for taking any action under the rules relating to new trials except as stated in the rules).

Accordingly, we hold that the trial court possessed plenary power to modify the judgment in this case. Under Texas Rule of Appellate Procedure 170, without hearing oral argument, we reverse the court of appeals' judgment in part. We render judgment reinstating the trial court's judgment as modified that Longmeadow's claim was not properly authenticated and that it take nothing against Childs, individually or as guardian of Dorothy H. Childs, but that the judgment does not act as res judicata or preclude a properly authenticated claim from being filed. However, we affirm the court of appeals holding that the portion of trial court's modified order finding that Longmeadow had made a properly authenticated claim was premature because the claim had not been presented to and rejected by the guardian.