Opinion issued September 17,
2009                                                                        

 



 

 

 

 

            

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



NO. 01-08-00433-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



THE OFFICE OF THE ATTORNEY GENERAL 

OF THE STATE OF TEXAS, Appellant

 

V.

 

ROBERT SEAN McBEE, Appellee

 

 



On Appeal from the 306th District Court

Galveston County, Texas

Trial Court Cause No. 96FD2141

 




 
 
 
 
 
 
 


 



MEMORANDUM OPINION

          After Robert Sean McBee
requested a de novo hearing of an associate judge’s order determining child
support arrearages, the referring trial court heard new evidence and modified
the judgment to reduce it.  The Office of the Attorney General of the State of
Texas (OAG), appeals the trial court’s judgment, contending that the trial
court erred because it (1) lacked jurisdiction, and (2) abused its discretion
in reducing the child support arrearage as determined by the associate judge. 
We conclude that the trial court had jurisdiction to review the associate
judge’s order, but abused its discretion in applying nonstatutory reasons to
modify the amount of arrearage and interest due.  We therefore reverse the
judgment and remand for further proceedings. 

Background

This suit arises out of a 1997
proceeding that dissolved the marriage between McBee and April Michelle Tew,
and addressed visitation and child support obligations for K., their child.  A 1997
order requires McBee to pay Tew $ 145.00 in monthly child support beginning on
February 1, 1997, and to pay retroactive child support in the amount of $7,500.00. 


          McBee did not comply with
the 1997 order.  On August 27, 2007, the OAG moved to enforce the order against
McBee and sought a contempt order and an arrearage judgment.  An associate
judge of the trial court found McBee was in contempt of the 1997 order.  The
associate judge also signed an order, agreed to and signed by the parties,
enforcing and modifying the child support obligation, and confirming the
arrearage owed.  The effect of the order was a cumulative judgment against
McBee for $39,231.26.  

Seven days later, McBee filed a
“Notice of De Novo Hearing Request for Associate Judge’s Hearing.”  In it,
McBee challenged the validity of his waiver of the right to contest the order,
objected to the awards of child support arrearage and current child support,
protested the exclusion of a witness whose testimony, he asserted, would have
aided his defense, and requested a hearing on these issues.  

The trial court held an evidentiary
hearing in which McBee presented evidence that (1) he was incarcerated for
several months, and, as a result, was not employed during that period; (2) he
had difficulty securing employment for a period after that incarceration; (3)
K. and his mother lived with K.’s maternal grandmother for several years until
her death; (4) K.’s mother did not provide substantial support to K. during
that period; (5) McBee’s parents made some contribution toward K.’s support
during that period; and (6) after K.’s mother attempted suicide, K. was sent to
live with McBee’s sister and her family.

After the hearing, the trial court
found that McBee owed an arrearage of $7,500.00 as set forth in the 1997
judgment.  In determining that McBee owed an arrearage of $13,133.00 for the
period from January 1997 to May 2006, the trial court included

an offset
for those periods of time in which the respondent was incarcerated from April
2002 to September 2002 and reduced for those periods of time in 1998 [through]
May 2006 when the child resided with [the] paternal grandmother.

The trial court also held that “[n]o
interest is being awarded on those arrearages due to [the mother] on the Theory
of Unjust Enrichment since the evidence showed she was not in possession of the
child during the periods in question.”  

Discussion

Jurisdiction

As a threshold matter, the OAG
contends that the trial court lacked jurisdiction to sign the second child
support arrearage judgment because McBee did not timely file his request for a de
novo hearing of the associate judge’s order in the referring trial court, as
required by section 201.015 of the Family Code.  Tex. Fam. Code Ann. § 201.015(a) notes (Vernon 2009).

Section 201.015 falls within Chapter
201 of the Texas Family Code, which outlines the role and powers of the
associate judge in family court.  See generally Tex. Fam. Code Ann. §§ 201.001–201.209 (Vernon 2009).  The
chapter specifies the types of cases that an associate judge may hear and
describes the effect of the associate judge’s rulings on those cases.  If a
timely request for a de novo hearing is not filed, the associate judge’s order
or judgment generally “becomes the order or judgment of the referring court
only on the referring court’s signing the proposed order or judgment.”  Tex. Fam. Code Ann. § 201.013(b)
(Vernon 2009).  Under certain circumstances, however, an associate judge has
the authority to render and sign orders that automatically constitute orders or
judgments of the referring court without ratification.  See Tex. Fam. Code Ann.
§§ 201.007(a)(14)(A), (c), 201.013(b).  These include default orders and
agreed orders, like the one at issue here.  See id.  

Even if the associate judge’s order
constitutes one of the referring court under these provisions, the statute preserves
the parties’ right to a direct appeal to the referring court under section
201.015.  See Tex. Fam. Code Ann.
§ 201.007(a)(14).  Under
the version of section 201.015 in effect when this suit was filed, a party
could “appeal an associate judge’s report by filing notice of appeal not later
than the third day after the date the party receives notice of the substance of
the associate judge’s report.”  See Tex. Fam. Code Ann. § 201.015(a) notes (Vernon
2009).[1]  McBee did not notice his appeal until
the seventh day after he received the report.  

The State contends that McBee’s
belated request for de novo hearing was ineffective and, under State ex rel.
Latty v. Owens, 907 S.W.2d 484 (Tex. 1995), the trial court’s jurisdiction
lapsed thirty days after the associate judge signed the October 31, 2007 enforcement
order, rendering the February 8, 2008 order void.  

Latty does not require the conclusion that
the referring court lost jurisdiction before entering the second order.  In Latty,
the referring court signed an initial order adopting the master’s
recommendation after Owens, one of the parties, filed a request for a de novo
hearing, but before holding the required hearing.  Id. at 485.  Eleven days
after signing the initial order, the court held a hearing on Owens’s appeal,
which it suspended to allow supplementation of discovery and later reconvened. 
Id.  The State noticed its appeal from the trial court’s second order in
the case, signed 135 days after the initial order.  Id.

The Supreme Court dismissed the
appeal for lack of jurisdiction, holding that the trial court lost plenary
jurisdiction before signing the second enforcement order.  The Court explained
that

[w]hen
Owens did not appeal from the first order, it became final. . . .  Even though
Owens timely requested a de novo hearing to contest the court master’s
recommendations and fully expected such a hearing to be set, he should have petitioned
the district court to vacate the first order (which would have had the effect
of a motion for new trial), timely appealed, or filed a bill of review.  

Id. at 485–86.  The OAG’s contention that the referring
court lacked jurisdiction to sign the February 8, 2008 enforcement order rests
on the proposition that section 201.015(a) provides the sole avenue for seeking
review of the associate judge’s order.  We disagree with that proposition. 
Because the agreed order here is tantamount to an order of the referring court,
McBee, alternatively, could seek relief under Texas Rule of Civil Procedure
329b by moving for new trial, which would have the effect of extending the
trial court’s plenary power beyond the date of the second enforcement order.  See
Tex. R. Civ. P. 329b(g).  

The OAG urges us not to view McBee’s
notice as a motion for new trial under Rule 329b.  That position, however, is
out of step with the Texas policy of safeguarding access to judicial review. 
As the Texas Supreme Court has frequently instructed, “a party should not lose
the right to appeal because of an ‘overly technical’ application of the law.”  Briscoe
v. Goodmark Corp., 102 S.W.3d 714, 717 (Tex. 2003) (quoting Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001)); Verburgt v. Dorner,
959 S.W.2d 615, 616–17 (Tex. 1997).  We therefore do not restrict McBee’s right
to review based on the title of the document he filed, but rather, we look to the
substance of his request for relief.  See Hodge v. Smith, 856
S.W.2d 212, 214 n.1 (Tex. App.—Houston [1st Dist.] 1993, writ denied); see
also Tex. R. Civ. P. 71
(“When a party has mistakenly designated any plea or pleading, the court, if
justice so requires, shall treat the plea or pleading as if it had been
properly designated.”).  

Citing the Texas Supreme Court’s
decision in Lane Bank Equipment Co. v. Smith Sales Equipment Inc., the
OAG contends that McBee’s notice does not have the effect of a motion for new
trial because it does not expressly request for a substantive change to the associate
judge’s order.  See 10 S.W.3d 308, 310, 312–13 (Tex. 2000).[2] 
We do not read Lane Bank so narrowly.  In that case, the Supreme Court
affirmed the appellate court’s holding that a postjudgment motion for sanctions
was a motion to modify, correct, or reform the existing judgment within the
meaning of Rule 329b(g), even though the issue was one that did not need to be
resolved in the final judgment.  Id. at 312.  

Here, McBee would not have objected
to the arrearage determinations, the exclusion of his witness, and requested a
new hearing if he were not seeking a substantive change in the judgment.  The
lack of a formal prayer for relief does not bar the trial court’s exercise of jurisdiction. 


A trial court “has plenary power to
grant a new trial or to vacate, modify, correct, or reform the judgment within
thirty days after the judgment is signed.”  Tex.
R. Civ. P. 329b; see L.M. Heathcare, Inc. v. Childs, 929 S.W.2d
442, 443 (Tex. 1996) (per curiam) (“A party must file a motion for new trial no
later than the thirtieth day after the judgment was signed.”); Coinmach,
Inc. v. Aspenwood Apt. Corp., 98 S.W.3d 377,  380 (Tex. App.—Houston [1st
Dist.] 2003, no pet.).  McBee filed his notice less than thirty days after the second
enforcement order was signed. We hold that the trial court properly treated
McBee’s notice as a timely filed motion for new trial under Rule 329b(g), and
therefore, retained plenary power over the case.  

Offset of child support arrearages

Most appealable issues in a family
law case, including a trial court’s confirmation of child support arrearages,
are reviewed under an abuse of discretion standard.  Att’y Gen. v. Stevens,
84 S.W.3d 720, 722 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  On appeal,
the OAG challenges the trial court’s application of law.  “[A] trial court has
no discretion in determining what the law is or applying the law to the facts,
even when the law is unsettled.”  In re Prudential Ins. Co., 148 S.W.3d
124, 135 (Tex. 2000) (citing Huie v. DeShazo, 922 S.W.2d 920, 927–28
(Tex. 1996), and Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (internal quotations and footnote omitted)); see In re Tex. Dep’t of Family
& Protective Servs., 273 S.W.3d 637, 642–43 (Tex. 2009).  Thus, we
review de novo the trial court’s interpretation and application of law.  See
id.  When we review a ruling that results from the trial court’s having
resolved underlying facts, we must defer to the trial court’s factual
resolutions, and any credibility determinations that may have affected those
resolutions, and may not substitute our judgment for the trial court’s judgment
in those matters.  See Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.—Houston
[1st Dist.] 1993, writ denied). 

In rendering a money judgment on
unpaid child support, the trial court may not reduce or modify the amount of an
arrearage.  See Tex. Fam. Code
Ann. § 157.262(a) (Vernon 2002); see Williams v. Patton, 821
S.W.2d 141, 145 (Tex. 1991); George v. Jeppeson, 238 S.W.3d 463, 472 (Tex.
App.—Houston [1st Dist.] 2007, no pet.).  Once the arrearages are proven,
section 157.263(a) imposes on the trial court an affirmative, ministerial duty
to confirm the arrearages and reduce them to judgment.  George, 238
S.W.3d at 472; accord in re J.I.M., 238 S.W.3d 504, 509 (Tex. App.—El Paso
2008, pet. filed) (citing George); see In re S.R.O., 143 S.W.3d
237, 248 (Tex. App.—Waco 2004, no pet.); Curtis v. Curtis, 11 S.W.3d
466, 471 (Tex. App.—Tyler 2000, no pet.).  The Family Code further provides
that the judgment must include “interest on arrearages.”  Tex. Fam. Code Ann. § 157.263(b)(3).

The statutory purpose for these
restrictions is that past due child support is properly characterized as an
unfulfilled duty to the child rather than a debt to the custodial parent.  Williams,
821 S.W.2d at 145; In re J.I.M., 281 S.W.3d at 509; George, 238
S.W.3d at 472.

Once calculated, however, the amount
of arrearage may be subject to an offset or counterclaim as provided by statute.
 See Tex. Fam. Code Ann. §
157.262(f).  Grounds for an offset or counterclaim include a showing that “the
obligee voluntarily relinquished to the obligor actual possession and control
of a child” for a period beyond any court-ordered periods of possession of and
access, and that the obligor actually supported the child.  Tex. Fam. Code Ann. § 157.008(a)
and (b).  The obligor asserting offset or counterclaim as an affirmative
defense must prove entitlement to offset by a preponderance of the evidence.  See
Tex. Fam. Code Ann. § 157.006(b)
(Vernon 2002).  

The OAG contends the trial court
abused its discretion in reducing the amount of child support arrearage by
reducing the amount owed based on factors not authorized by statute.  First,
the OAG specifically objects to the trial court’s reliance on its finding that
McBee was incarcerated for a period to offset the amount of arrearage owed.  We
agree that the statute does not authorize reduction of past due arrearages for
this reason.

Second, the OAG contends that the
trial court impermissibly reduced the amount of arrearage due for periods
during which K. resided with and received primary support from his grandparents
and aunt, rather than his mother.  Under the Family Code “[a]n obligor may
plead as an affirmative defense in whole or in part to a motion for enforcement
of child support that the obligee voluntarily relinquished to the obligor
actual possession and control of a child.”  Tex.
Fam. Code Ann. § 157.008(a).  To the extent the evidence supports a
finding that K.’s mother voluntarily relinquished actual possession and control
of K., it does not show that she voluntarily relinquished K. to McBee or to
another whom McBee paid support.  The Family Code does not allow for an offset
of child support because the obligee relinquished control of the child to a
third party under circumstances like those here, where McBee did not fulfill
his duty to provide financial support for K. during the relevant period.  Cf.
In re A.L.G., 229 S.W.3d 783, 787 (Tex. App.—San Antonio 2007, no pet.)
(upholding right of offset as affirmative defense where obligor proved he
directly paid day care expenses for child, with mother’s acquiescence).  See
Tex. Fam. Code Ann.
§ 157.008.

The OAG also complains that no
evidence supports the trial court’s finding No. 4 that McBee is entitled to an
offset for the periods of time that K. resided with his paternal
grandmother.  We agree that the undisputed evidence shows that K. resided with
his maternal grandmother during those periods, and that no evidence
shows that McBee provided financial support for K. at any time during them. 
Because McBee did not provide financial support, the fact that K.’s mother did
not do so either does not provide any basis for reduction or offset of the arrearages
due.         The trial court abused its discretion to the extent it relied on
the nonstatutory, equitable theory of unjust enrichment to reduce the amount
owed.  See Beck v. Walker, 154 S.W.3d 895, 905–06 (Tex. App.—Dallas
2005, no pet.) (holding that trial court abused its discretion by granting parent’s
request to offset child support arrearage to recoup travel expenses and
attorney’s fees awarded by out-of-state court in connection with his defense
against custody dispute in that court; trial court was not authorized to
consider “equitable offset”); Stevens, 84 S.W.3d at 722  (holding that
trial court abused its discretion in crediting as equitable offset Social
Security disability payments made to child toward satisfaction of court-ordered
child support payments).  Accordingly, McBee is not entitled to any offset for
those time periods.  See Tex.
Fam. Code Ann. §§ 157.008(a), 157.262(a).   

For these reasons, we hold that the
trial court erred to the extent it offset the arrearage owed on nonstatutory
grounds.  Further, we agree with the OAG that the statute prohibits a trial
court from reducing the amount of interest that has accrued on unpaid child
support.  See Tex. Fam. Code Ann.
§ 157.263(b)(3); Herzfeld v. Herzfeld, 285 S.W.3d 122, 129 (Tex.
App.—Dallas 2009, no pet.); In re M.C.R., 55 S.W.3d 104, 108–09 (Tex. App.—San
Antonio 2001, no pet.).

Conclusion

We hold that the trial court properly
exercised its jurisdiction to consider McBee’s request for de novo hearing as a
motion for new trial, and thus had jurisdiction to sign the order at issue in
this appeal.  We further hold that the trial court erred in equitably offsetting
the arrearage McBee owed based on (1) McBee’s inability to pay child support
during the period of his incarceration, and (2) a finding that relatives other
than McBee or K.’s mother had possession of K. and provided for K.’s support,
as the Family Code limits the bases for an offset to those enumerated by
statute.  The trial court further erred in declining to award interest on the
arrearages due, as the Family Code mandates such an award.  We therefore reverse
the judgment of the trial court and remand the cause for further proceedings
consistent with this opinion.

 

                                                          Jane Bland

                                                          Justice

Panel consists of Judges Bland,
Sharp, and Taft.[3]

 

 

 









[1]
In 2007, the Legislature amended section
201.015(a) to provide a party seven working days within which to appeal.  Tex. Fam. Code Ann. § 201.015(a) notes
(Vernon 2009). This amendment took effect on September 1, 2007, and applies
only to suits filed on or after that date.  Id.  The OAG filed the
motion for enforcement giving rise to this appeal after the amendment was
signed into law, but four days before it went into effect.   





[2]
We reject the OAG’s assertion that McBee’s
failure to request a vacatur of the associate judge’s enforcement order
prevents his request for review from serving as a motion for new trial.  The
OAG relies on State ex rel. Latty v. Owens, 907 S.W.2d 424 (Tex. 1995), in which the Supreme Court suggested that Owens “should have petitioned the
district court to vacate the first order which would have the effect of a
motion for new trial).”  Id. at 486.  We do not read this suggestion as
nullifying the other possible grounds for new trial set forth in Rule 329b.





[3]
Justice Tim Taft, who retired from the First
Court of Appeals on June 1, 2009, continues to sit by assignment for the
disposition of this case, which was submitted on April 28, 2009.