No. 03-14-00342-CV

COURT OF APPEALS
THIRD DISTRICT OF TEXAS

ALLY FINANCIAL, INC. et al.

Plaintiff-Appellee,
v.
MEERA SINGH and SAM HOUSTON,

Defendant-Appellant.

ON APPEAL FROM THE 368TH JUDICIAL DISTRICT WILLIAMSON
COUNTY TEXAS TRIAL COURT CASE NO. 13-0936-C368

*APPELLANT'S COMBINED PLEA TO THE JURISDICTION OF THIS
COURT AND THE COURTS BELOW APPELLANT'S BEING SUBJECTED
TO A GROSS MISCARRIAGE OF JUSTICE BARRED BY FACT AND
CITATIONS*

September 5, 2015

Meera Singh                                Ms. Kimberly Harris
Sam Houston
P.O. Box 19814                             1601 Elm Street
Austin, Texas 78760                        Dallas, Texas 75201
(512) 257-9028                             COUNSEL FOR APPELLEE

In propria persona

RECEIVED
SEP 1 0 2015
THIRD COURT OF APPEALS
JEFFREY D KYLE

TO: THE PER CURIUM COURT

COMES NOW, the above captioned Appellants Sam

1

Houston and Meera Singh to file their Plea to the Jurisdiction of this Court and as an Addendum for grounds for their motion for rehearing on the merits from this Court's recent Memorandum order and as for Constitutional grounds in support would state the following:

Sam Houston, a patriotic veteran senior citizen is exercising a fundamental right AND ONE THAT WAS EARNED, to procedural due process and access to the Courts instead is being "singled out" and punished for exercising, inter alia his fundamental right of freedom of expression. Mr. Houston and Ms. Singh cannot be subject to the jurisdiction of this Court due to the fact that the state district court judge never possessed subject matter or personal jurisdiction for the following reasons. 1) The original lawsuit naming two corporate officers who never signed anything personally could not be legally "hauled into court" in the first case, and two 2) there is yet an unresolved issue that at the time of the service of process Ally Financial, Inc. did not possess the "owner authority required which was Ally V.A.U.L a Minnesota Trustee. 3) The Court of Appeals opinion references that William G.

Houston signed a lease for an automobile as a person or that of a corporate officer is moot. Jurisdiction was never reached here when all the facts come out. 4) Appellants are being grossly discriminated by this Court and its jurisdiction and that of the District Court Kennon, R, are prohibited from defending their case WITH THE RECORD.

This Court and the Court's below are not following precedent nor are they following the Rule of Law or their own Rule 24.4 that has been pointed out on previous occasions then ignored.

Mr. Houston's signature is not on any automobile lease nor is Ms. Singh. Since indeed, they are corporately leased vehicles they have been in the sole possession of the corporation.

The so called alleged transferring of any corporate vehicle was never proven and there is a discrepancy with the findings of Judge Vick versus Judge Kennon is compelling because it goes to the heart of a plea to the jurisdiction of this Court as well.

In their response brief Appellee Ally has not been pressed on the actual owner issue required by law by the Texas Department of Transportation requiring the "Owner" lien holder to authorize the seizure of the vehicle because they have no authority in the first

3

place.

## LAW

A plea to the jurisdiction is a dilatory plea that is intended to defeat a cause of action. The May 2014 repossession of the SRX Vehicle was without notarized authority from the lien holder.

The original cause of action by Ally Financial, Inc., naming Houston and Singh was without authority over the subject matter and the person and violates the Civil Rights of the Appellant's. 42 U.S.C. §§ 1983, 1985(2) (3) see *Bland ISD v Blue, 34 S.W. 3d 547, 554 (Texas 2000). See also TRCP 309, 310 and 510.8(1) (3).*

Subject matter jurisdiction is essential to the authority of a Court to decide a case and is never presumed. *Texas Association of Business, 852 S.W. 2d at 443-44.*

The Appellee has the burden to allege facts that affirmatively demonstrate that the trial court is possessed of subject matter jurisdiction by providing, 1) the notarized authority of the Ally V.A.U.L Trustee as required by the Texas Department of Transportation.

Whether William Houston signed personally or as a corporate executive and this Court's opinion that he signed personally is moot.

4

Whether, the Appellant's waived any rights is also moot in a plea to the jurisdiction.

The question of subject matter jurisdiction is a question of law *State Dept of Highways & Public Transport, v Gonzalez, 82 S.W. 3d 322, 327 (Texas 2002)*.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider relevant evidence submitted by the parties, *Texas Dept of Parks & Wildlife v Miranda 133 S.W. 3d 217, 227, (Texas 2004. The District Court Never considered anything except his own agenda. The fact that Judge Vick, a seasoned jurist, refused Ally twice to repossess the vehicle and that he told counsel he needed to sue the corporation is the nexus where reasonable minds differed.*

The Plea to the jurisdiction standard mirrors that of a traditional Motion for Summary Judgment. Id at *228. Miranda 133 S.W. 3d at 226; Ft Worth v Robinson 300 S.W. 3d at 895.*

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction to hear the case at all. *Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).* **Subject matter jurisdiction is essential to the authority of a court to decide a case**

**and is never presumed.** *Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993).*

The plaintiffs now appellant did allege facts affirmatively demonstrating that the trial court lacked subject matter jurisdiction. Id. at 446. The <u>existence of subject matter jurisdiction is a question of law</u>. *State Dep't of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2007).* By implication that a full and complete record including witness testimony and documents be entered in order for the Appellant's to receive a fair hearing.

## Conclusion

Finally, any error in the trial court's judgment confirms the filing of a Motion for Rehearing En Banc to overrule this miscarriage of justice. *See L.M. Healthcare, Inc. v. Childs, 929 S.W.2d 442 (Tex. 1996. Here, there is no resolution instead the actions of this Court lends itself to selective jurisdiction*

Dated this September 6, 2015 Respectfully Submitted,

_____
Sam Houston and Meera Singh

**CERTIFICATION OF ELECTRONIC NOTIFICATION**
This will certify that on the 10th day of
September 2015 the Ally party's <u>kharris@bhhlaw.com</u>
was notified electronically.

_MS_

No. 03-14-00342-CV

# COURT OF APPEALS
# THIRD DISTRICT OF TEXAS

## ALLY FINANCIAL, INC. et al.

Plaintiff-Appellee,
v.
## MEERA SINGH and SAM HOUSTON,

Defendant-Appellant.

## ORDER

**PER CURIUM**

It is the opinion of this Court that Appellants and each of them have been subjected to a gross abuse of discretion and a miscarriage of justice. The original case against them should be overruled on the merits as a matter of law.

_____
Circuit Judges

8

**Sam Houston**

**Meera Singh**

**P. O. Box 19814**

**Austin, TX 78760-9814**

**512 257 9028**

Samhouston7@hotmail.com

Singh749@hotmail.com

**September 8, 2015**

**\* DELIVERED VIA E-MAIL to Kimberly Harris \***

**\*USPS to the Court clerk**

**COURT OF APPEALS**
**FOR THE**
**THIRD DISTRICT OF TEXAS**
**P.O. BOX 12547,**
**AUSTIN, TEXAS 78711-2547**
**(512) 463-1733**

RE: **Case Number: 03-14-00342-CV**

Trial Court No.: 13-0936-C368 Kennon, R. Judge

Style: **Meera Singh and Sam Houston v. Ally Financial, Inc. et al.**

Please find enclosed APPELLANT'S COMBINED PLEA TO THE JURISDICTION OF THIS COURT AND THE COURT BELOW..... This Plea may be construed on its own or as an Addendum to Appellant's Petition for Rehearing before the Court in Banc.



RECEIVED
SEP 1 0 2015
THIRD COURT OF APPEALS
JEFFREY D KYLE

Sam Houston
Meera Singh
P. O. Box 19814
Austin, TX 78760-9814

U.S. POSTAGE
PAID
AUSTIN,TX
78744
SEP 08, 15
AMOUNT
$0.71
00100496-08

UNITED STATES
POSTAL SERVICE.

1000

COURT OF APPEALS
FOR THE
THIRD DISTRICT OF TEXAS
P.O. BOX 12547,
AUSTIN, TEXAS 78711-2547