**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed September 1, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00246-CV

---

### IN RE COMMUNITYBANK OF TEXAS, N.A., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-25394**

---

## MEMORANDUM OPINION

On April 5, 2022, relator CommunityBank of Texas, N.A. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, CommunityBank asks this court to compel the Honorable Dedra Davis, presiding judge of the 270th District Court of Harris County, to vacate her March 22, 2022 order granting real party in interest's the motion for new trial as void. We conditionally grant the petition.

## BACKGROUND

CommunityBank sued John Brady Mitchell after Mitchell defaulted on a promissory note. Mitchell asserted a counterclaim for fraud against CommunityBank. On September 28, 2021, CommunityBank filed a traditional and no-evidence motion for summary judgment on the note and its claim for attorney's fees and on Mitchell's counterclaim for fraud and affirmative defenses. CommunityBank noticed a hearing on its motion for summary judgment for November 2, 2021.

Mitchell did not respond to the motion for summary judgment. On November 2, 2021, the trial court signed the order granting the motion for summary judgment and for final judgment. The trial court noted "the lack of a response by Mitchell" stated that "[t]his judgment finally disposes of all parties and all claims and is appealable." On November 4, 2021, the trial court signed the charging order.

On December 2, 2021, Mitchell timely filed a motion for new trial with his affidavit. Mitchell asserted that he did not have notice of the motion for summary judgment or the November 2, 2021 hearing. He was alerted to activity in the case when he received, on December 1, 2021, notification of service regarding CommunityBank's subpoena for the production of documents.

On January 21, 2022, Mitchell filed an unsworn motion to extend post-judgment deadlines, in which he asserted that he did not receive notice or acquire actual notice of the judgment until December 1, 2021, more than 20 days after the trial court signed the judgment. Although Mitchell asked the trial court to determine the date Mitchell received notice or acquired actual knowledge of the judgment, he

did not set the motion to extend for a hearing. The trial court never ruled on the motion to extend.

On February 22, 2022, CommunityBank responded to Mitchell's motion to extend post-judgment deadlines and motion for new trial. CommunityBank maintained that Mitchell's motion for new trial was overruled by operation of law on January 17, 2022, and the trial court's plenary power expired on February 16, 2022—thirty days after the motion for new trial was overruled. CommunityBank asserted that the unsworn motion to extend post-judgment deadlines did not invoke the trial court's expired jurisdiction. The trial court signed the order granting Mitchell's motion for new trial on March 22, 2022.

## STANDARD OF REVIEW

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). Mandamus is appropriate when a trial court has acted after its plenary power has expired. *In re Lovito-Nelson*, 278 S.W.3d 773, 776 (Tex. 2009) (orig. proceeding) (per curiam).

ANALYSIS

The trial court has plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order within thirty days after the judgment is signed. Tex. R. Civ. P. 329b(d). A motion for new trial shall be filed prior to or within thirty days after the judgment or order is signed. *Id.* 329b(a). A properly filed motion for new trial extends a trial court's plenary power over its judgment. *Mitschke v. Borromeo*, 645 S.W.3d 251, 253 (Tex. 2022). The motion for new trial is overruled by operation of law seventy-five days after the date the judgment was signed unless the trial court signs a written order overruling the motion. Tex. R. Civ. P. 329b(c). The trial court retains plenary power for thirty days after the date it signs an order ruling on the motion for new trial or after the new-trial motion is overruled by operation of law, whichever occurs first. *Id.* 329b(e).

The date the judgment or order is signed generally starts the clock on the thirty-day filing period contemplated by Rule 329(a). *Id.* 306a(1). When a final judgment or other appealable order is signed, the clerk of the court must immediately give notice to the parties or their attorneys of record electronically or by first-class mail advising that the judgment or order was signed. *Id.* 306a(3). If a party does not receive the required notice or acquire actual knowledge of the judgment until more than twenty days after the judgment is signed, Rule 306a allows the time periods to run from the date the party received notice or acquired actual knowledge of the judgment, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed. *Id.* 306a(4).

"[T]he party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a

4

notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." *Id.* 306a(4). To establish the application of paragraph (4), the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed. *Id.* 306a(5).

A sworn motion complying with Rule 306a "establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding). Compliance with Rule 306a(5) is a jurisdictional requirement to extending the time to file post-judgment motion. *Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam).

The trial court signed the final judgment on November 2, 2021, and Mitchell timely filed his motion for new trial on December 2, 2021. The trial court did not rule on the motion for new trial and the motion was overruled by operation of law on January 16, 2022—seventy-five days after the trial court signed the judgment. *See* Tex. R. Civ. P. 329b(c). The trial court's plenary power continued for thirty days thereafter until February 16, 2022, for a total of 105 days. *See id.* 329(e); *see also L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996) (per curiam) ("The trial court's plenary jurisdiction cannot extend beyond 105 days after the trial

5

court signs the judgment).  The trial court signed the order granting the motion for new trial on March 22, 2022.

A Rule 306a motion must be filed and ruled upon while the trial court retains plenary power, and the time for the court's plenary power is counted from the date of notice of the judgment as alleged in the Rule 306a motion.  *Wells Fargo Bank, Nat's Ass'n v. Erickson*, 267 S.W.3d 139, 148 (Tex. App.—Corpus Christi 2008, no pet.) (citing *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 741 (Tex. 2001) (per curiam)).  Mitchell filed his unsworn Rule 306a motion to extend on January 21, 2022, while the trial court still had plenary power as extended by the motion for new trial.  Mitchell, however, did not set the motion to extend for a hearing and the trial court never ruled on it or determined the date on which Mitchell received notice of the judgment.

Moreover, Rule 306a(5) requires that the motion to extend be sworn; Mitchell's motion was not sworn and therefore did not comply with Rule 306a(5).  *See* Tex. R. Civ. P. 306a(5).  Therefore, Mitchell's unsworn motion to extend did not extend the trial court's plenary power.  See *Mem'l Hosp. of Galveston Cnty.*, 741 S.W.2d at 365 (Tex. 1987).  (stating that compliance with Rule 306a(5) is jurisdictional).

We conclude that the trial court abused its discretion by granting Mitchell's motion for new trial after its plenary power had expired and the order is void.  Because the order granting Mitchell's motion for new trial is void, CommunityBank does not need to show that it has an adequate remedy by appeal.  *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

6

## CONCLUSION

Having determined that the trial court abused its discretion by granting a motion for new trial after its plenary power had expired and CommunityBank need not show that it does not have an adequate remedy by appeal, we conditionally grant CommunityBank's petition for writ of mandamus and direct the trial court to vacate its March 22, 2022 order granting Mitchell's motion for new trial. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the court fails to do so. Our April 13, 2022 stay order is lifted.

PER CURIAM

Panel consists of Justices Wise, Poissant, and Wilson.