### In re EAST TEXAS SALT WATER DISPOSAL COMPANY, Relator.

### No. 12–02–00094–CV.

Court of Appeals of Texas, Tyler.

April 25, 2002.

---

Jerry S. Harris, Bruce A. Smith, Long-view, Gregory D. Smith, Ramey & Flock, Tyler, for relator.

J. Clay Gossett, Henderson, for respondent.

Ron L. Adkison, Wellborn, Houston, Adkison, Mann, Sadler & Hill, L.L.P., Henderson, for real-party-in-interest.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

LEONARD DAVIS, Chief Justice.

Relator, East Texas Salt Water Disposal Company ("Relator"), brings this petition for writ of mandamus complaining of the trial court's denial of its motion to strike deemed admissions. For the reasons stated below, we deny Relator's petition.

## BACKGROUND

In 1988, Plaintiff Vernon Hughes and, beginning in 1991, various Intervenors [1] (collectively "Intervenors") filed petitions and pleas in intervention alleging, among other things, that Relator had exposed them to potential physical harm and diminished the value of their land by using cement pipe containing asbestos within easements and rights of way across their

---

1. Plaintiff's and Intervenors' Fifth Amended Petition reveals that there are approximately thirty-two Intervenors who have filed suit against Relator.

respective tracts of land.[2] On December 17, 1991, Intervenors served three requests for admission on Relator. On January 15, 1992, counsel for Relator obtained an extension until January 26, 1992 to respond to the requests. Relator's counsel, however, did not file and serve responses to the requests for admission until February 11, 1992, sixteen days after the responses were due. Because Relator did not respond within the extension agreed to by Intervenors, the requests for admission were deemed admitted. TEX.R. CIV. P. 198.2(c). One of the requests deemed admitted, which is the subject of this proceeding, was "Admit that the asbestos material contained in transite pipe is friable."

On July 17, 1992, Relator filed a Motion to Strike Deemed Admissions alleging that the deemed admission was "critical to the defense of the instant lawsuit." Relator further alleged "that there is substantial scientific controversy in connection with the fact issue of whether or not Transite pipe is friable." On August 19, 1992, the Honorable Donald R. Ross held a hearing on the Motion to Strike Deemed Admissions, and on October 28, 1992, he signed an order denying Relator's motion.

Over two years later, on April 12, 1995, Relator filed a motion for reconsideration of the court's order denying their request to strike the deemed admissions. On May 4, 1995, Judge Ross held a hearing on the motion and again denied the requested relief.

On June 30, 1997, Relator filed a Renewed Motion to Withdraw Deemed Admissions. The Honorable J. Clay Gossett denied the motion. Thereafter, the claims of Plaintiff Hughes and three Intervenors

went to trial, with the deemed admission in place. The trial was recessed when the parties agreed to send that trial group's claims to arbitration. On September 14, 1999, the trial court entered an "Alternative Interlocutory Judgment" with respect to the first trial group.

In July of 1999, a second group of eight Intervenors proceeded to trial. Again, prior to this proceeding, Relator sought to withdraw the deemed admissions, and again, Judge Gossett denied the request. The jury returned a verdict in favor of seven of the eight Intervenors on the issues of negligence, trespass, nuisance, nuisance per se, and strict liability, awarding temporary damages to the Intervenors of approximately $250,900.00 and permanent damages of $67,700.00.[3]

The claims of the third set of Intervenors are set for trial in September 2002. Relator now asks this court to direct the trial judge to (1) vacate its order denying their motion to strike deemed admissions, and/or (2) enter an order allowing Relators to amend its deemed admissions. Intervenors respond that Relator's request is barred by the equitable doctrine of laches. Intervenors contend that by failing to seek mandamus relief when the first motion to strike deemed admissions was denied in 1992, or following three subsequent rulings in 1995, 1997, and 1999, Relator has simply waited too long to seek mandamus relief, and it would be inequitable for this court to intervene with the extraordinary relief of mandamus at this late stage.

### LACHES

■ In *Rivercenter Associates v. Rivera*, 858 S.W.2d 366 (Tex.1993) (orig. pro-

---

2. In their petition, Relator explains that it uses such pipe for the transportation of salt water produced with the extraction of oil in the East Texas Oil Field to a disposal center.

3. Relator sought to sever the first and second trial group's claims from the lawsuit, but the trial court denied its request.

ceeding), the Texas Supreme Court noted that:

> Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'

*Id.* at 367 (citations omitted). Texas courts often deny mandamus relief on the basis of delay alone. *See Rivercenter,* 858 S.W.2d at 367–68 (relator failed to seek mandamus relief for four months after demand for jury trial was denied); *In re Xeller,* 6 S.W.3d 618, 624 (Tex.App.— Houston [14th Dist.] 1999, orig. proceeding) (relator waited sixteen months from the appointment of master to seek mandamus relief); *International Awards, Inc. v. Medina,* 900 S.W.2d 934, 935–36 (Tex. App.—Amarillo 1995, orig. proceeding) (relator sought mandamus relief from severance order four months after severance and six days before trial on severed claim); *Furr's Supermarkets, Inc. v. Mulanax,* 897 S.W.2d 442, 443 (Tex.App.—El Paso 1995, orig. proceeding) (relator sought mandamus relief on the day documents were due and four months after court's oral discovery ruling).

Relator argues that it did not seek mandamus relief sooner because it was uncertain of the deemed admission's impact on the case. This is contrary, however, to Relator's contention in its 1992 motion to strike that request for admission three is "critical" to its defense of the lawsuit. Moreover, at the 1992 hearing on the motion, Relator argued that the facts encompassed within the request "is a central issue, a gut issue in this lawsuit. . . ."

Relator also contends that it did not seek mandamus relief because it could not be certain that it would be successful until this court issued its opinion in *In re Kellogg–Brown & Root, Inc.,* 45 S.W.3d 772 (Tex.App.—Tyler 2001, orig. proceeding). More specifically, Relator argued that it believed that prior to *Kellogg–Brown & Root,* a court would hold that a conventional appeal was its proper remedy. We do not agree with Relator's assertion that the certainty of eventual success is germane to the diligence with which one pursues one's rights. Rather, the issue is whether a party has unreasonably delayed pursuing a right, *i.e.* mandamus relief, which is available to it.

Further, we note that in *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992), the Texas Supreme Court held that an appeal will be inadequate where the relator's

> [A]bility to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error . . . [T]he relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources. We recently held that when a trial court imposes discovery sanctions which have the effect of *precluding a decision on the merits of a party's claims*—such as by striking pleadings, dismissing an action, or rendering default judgment—a party's remedy by eventual appeal is inadequate, unless the sanctions are imposed simultaneously with the rendition of a final, appealable judgment.

*Id.* (emphasis in original) (citing *Trans-American Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 919 (Tex.1991)). *Walker,* a 1992 case, certainly lends some support to the pursuit of mandamus relief to undeem an admission that, according to Relator's 1992 motion to strike, is "critical to the defense of the instant lawsuit." If Relator felt, as it obviously did, that this

deemed admission was critical to its defense, it should have pursued mandamus relief at that time, or following one of the three other rulings during the past ten years. To wait until now, after an arbitration panel and one jury have returned unfavorable findings against it and a third trial is about to commence, is the very type of delay that the doctrine of laches is designed to prevent.

■ Accordingly, we conclude that because Relator did not seek mandamus relief at any time during an almost ten year period of repeated, unsuccessful attempts to withdraw the deemed admission in the trial court, it is barred on the basis of delay alone from now seeking such relief. However, at least two courts have held that in order to establish the defense of laches, a party must also show harm resulting from the delay. *See In re Bahn,* 13 S.W.3d 865, 871 (Tex.App.—Fort Worth 2000, orig. proceeding); *United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 675 (Tex.App.—Houston [1st Dist] 1993, orig. proceeding). If such harm or prejudice resulting from the delay is required, we conclude that Intervenors have demonstrated such harm.

Intervenors argue that mandamus relief at this point is prejudicial because they have relied on the deemed admission in the cases brought by the two previous trial groups and in preparing the case currently set for trial. We agree. Although Relator had the opportunity to seek mandamus relief prior to any of Intervenors' claims going to trial, it chose to wait until two groups' claims had been adjudicated with the deemed admission in place and a third group's claims were set for trial. To allow Relator to now pursue mandamus relief could potentially result in some Intervenors' claims being adjudicated under one set of facts and the remainder under another. Moreover, if the admissions were withdrawn at this point, Intervenors would have to conduct additional discovery they believed was unnecessary due to the deemed admission, resulting in further delay and expense in a case that has already gone on for ten years.

Because we conclude that Intervenors have shown that allowing Relator to pursue mandamus relief at this point in the proceeding would result in harm, we need not decide whether a party may establish laches on the basis of delay alone or whether the party must also show prejudice. Whether delay alone or delay and prejudice is required, we hold that Intervenors have demonstrated that Relator's request for mandamus is barred by laches. Relator's petition for writ of mandamus is denied.[4]

---

**4.** By our holding in this proceeding, we are not concluding that Relator will not have an opportunity to raise the merits of the trial court's ruling regarding the deemed admission on appeal. During oral argument, both parties acknowledged that the trial court's ruling on the motion to strike will be appealable upon entry of a final judgement in this case. Indeed, Intervenors assert, as an alternative basis for denying Relator's request for mandamus relief, that Relator has an adequate remedy by appeal.