**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed December 3, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00109-CV

---

## IN RE GENE TIMBERLAKE, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JOAN HUGHES TIMBERLAKE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Probate Court No 2**
**Harris County, Texas**
**Trial Court Cause No. 380,396**

---

## MAJORITY OPINION

On February 9, 2015, relator Gene Timberlake, individually and on behalf of the Estate of Joan Hughes Timberlake, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Mike Wood, presiding judge of the Probate Court No. 2 of Harris County, to vacate the trial court's September 18, 2013

order granting a new trial and to reinstate the trial court's June 14, 2013 final judgment. We deny relator's petition for writ of mandamus.

## BACKGROUND

The underlying action was initiated in September 2009 by relator, on his own behalf and on behalf of the Estate of Joan Hughes Timberlake—relator's step-mother. Relator sought to remove Cecelia Timberlake[1] as independent executrix and to recover damages for Cecelia's allegedly improper conduct with respect to Joan's assets both before and after Joan's death. Relator also sought damages from Ray Timberlake— relator's brother and Cecelia's husband—who relator contended knowingly participated in Cecelia's alleged breaches of fiduciary duty.

In April 2012, the trial court granted partial summary judgment in favor of Ray and Cecelia on several claims. The remaining claims were tried to a jury in September 2012. During trial, the trial court granted a directed verdict in favor of Ray and Cecelia on certain claims. The jury subsequently returned a unanimous verdict in favor of relator on all nine submitted issues.

On November 7, 2012, Ray and Cecelia filed a motion for new trial, or, alternatively, for judgment notwithstanding the verdict (the "2012 MNT/JNOV"). A hearing was held on November 27, 2012, at which the trial court heard argument concerning the portion of the motion requesting a judgment notwithstanding the verdict;

---

[1] Cecelia is Joan's daughter-in-law, and served as Joan's attorney-in-fact under a power of attorney prior to Joan's death on May 6, 2008.

2

however, the trial court recognized that the portion of the motion requesting a new trial was premature, as no final judgment had yet been signed.

On June 14, 2013, the trial court signed a final judgment. The final judgment granted, in part, Ray and Cecelia's motion for judgment notwithstanding the verdict.[2]

On July 12, 2013, Ray and Cecelia filed a second motion for new trial, or, alternatively, for judgment notwithstanding the verdict (the "2013 MNT/JNOV").

On September 18, 2013, the trial court signed an order granting Ray and Cecelia's 2013 MNT/JNOV. The new trial order set aside the entirety of the jury's verdict and vacated the court's June 14, 2013 final judgment. The new trial order stated that the partial summary judgment and directed verdict rulings granted before the jury's verdict in favor of Cecelia and Ray were thereby severed and made final, with the result that only the claims that Ray and Cecelia lost were to be re-tried.

Relator subsequently filed a motion for reconsideration, which was orally denied by the trial court on October 8, 2013. On November 4, 2013, relator requested the preparation of the reporter's record, which was completed on March 3, 2014. The instant mandamus petition was not filed until February 9, 2015—over 11 months after the record was completed, and nearly 17 months after the order granting a new trial was signed.

---

[2] Specifically, the trial court agreed with Ray and Cecelia that there was no evidence to support the jury's findings on certain issues. As to the remainder of the issues, the trial court found that Cecelia was determined by a jury to be guilty of gross misconduct or gross mismanagement in the performance of her duties as independent executrix; to have breached her fiduciary duty to both the estate and to relator; and to have defended the motion to remove her in bad faith. The trial court ordered Cecelia removed as independent executrix and named relator as successor administrator. The trial court ordered that Ray be jointly and severally liable with Cecelia and entered judgment against them for $404,404.83.

3

## ANALYSIS

In three issues, relator contends that the trial court erred by granting a new trial because: (1) there is legally and factually sufficient evidence to support the jury's answers to all nine issues in the jury charge;[3] (2) the new trial was granted in part on legally impermissible grounds—specifically, that a new trial was necessary because the jury was not permitted to learn of Ray and Cecelia's partial summary judgment and directed verdict victories; and (3) the new trial order was signed after the trial court lost plenary power to grant a new trial and was therefore void.

Ray and Cecelia responded that relator's claims were barred by laches or, alternatively, that the trial court did not abuse its discretion by granting a new trial.

## I.    Laches

Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles, including the principle that equity aids the diligent and not those who slumber on their rights. *Id.* Therefore, "delay alone can provide ample ground to deny mandamus relief." *In re Boehme*, 256 S.W.3d 878, 887 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *see also In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (per curiam) (orig. proceeding) ("[D]elaying the filing of a petition for mandamus relief may waive the right to mandamus unless the

---

[3] Relator contends there is support for the jury's findings on all nine issues; however, relator requests this Court to reinstate the trial court's June 14, 2013 final judgment, which set aside the jury's findings on issues 1, 6, 7, and 8.

4

relator can justify the delay."); *In re E. Tex. Salt Water Disposal Co.*, 72 S.W.3d 445, 448 (Tex. App.—Tyler 2002, orig. proceeding) ("Texas courts often deny mandamus relief on the basis of delay alone."); *In re Xeller*, 6 S.W.3d 618, 624 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) ("Delay alone provides ample ground to deny mandamus relief. . . . Because relators waited sixteen months to seek mandamus relief from the appointment of a master, we hold that mandamus relief on that basis is barred by laches."); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 935–36 (Tex. App.—Amarillo 1995, orig. proceeding) ("Why [relator] waited more than four months from the date severance was ordered, and until the eve of trial, to petition for relief went unexplained. Moreover, such a delay alone provides ample ground to deny leave to petition for mandamus relief.").

In the instant suit, relator waited nearly 17 months from the trial court's granting of new trial to file his petition for writ of mandamus. Even discounting the time for preparation of the record, relator still waited more than 11 months after the record was completed to file his petition. The only explanation relator offers for the delay is that his counsel was busy and was also running for a judicial position, and that the petition required extensive time to draft and revise. We do not find such explanation sufficient to justify the delay. *See, e.g., In re Little*, 998 S.W.2d 287, 290 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (attorney's busy schedule was insufficient justification for delay). Accordingly, we conclude that because relator waited approximately 17 months from the signing of the order to seek mandamus relief, relator's first and second issues are barred by laches. *See, e.g., Rivercenter Assocs.*, 858 S.W.2d at 367–68 (four month delay sufficient to deny); *In re Little*, 998 S.W.2d at 290

5

(six month delay sufficient to deny); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, orig. proceeding) (four month delay sufficient to deny).

## II.  Plenary Period

Our determination that laches bars relator's claims does not end our inquiry, because laches is not a bar to mandamus relief where the requested relief is premised on the entry of a void order.  *See In re Choice! Energy, L.P.*, 325 S.W.3d 805, 810 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).  In his third issue, relator contends that the trial court's order granting a new trial is void because it was signed after the trial court's plenary power expired.  Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired because such an order is void.  *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).  Accordingly, we must determine whether the trial court had plenary power to grant a new trial on the 97th day after the trial court's final judgment was signed.

The chronology of relevant events follows:

**September 24, 2012:**  The jury returns its verdict in favor of relator.

**November 7, 2012:**  Ray and Cecelia file the 2012 MNT/JNOV.

**June 14, 2013:**  The trial court signs its final judgment.

**July 12, 2013:**  Ray and Cecelia file the 2013 MNT/JNOV.

6

**July 14, 2013:**  30th day after signing of final judgment; the trial court's plenary power would otherwise expire on this date absent a motion extending the plenary period.  *See* Tex. R. Civ. P. 329b(d), (e), (g).

**August 28, 2013:**  75th day after signing of final judgment; a timely filed motion for new trial not previously denied is deemed overruled by operation of law on this date.  *See* Tex. R. Civ. P. 329b(c).

**September 18, 2013:**  The trial court signs order granting Ray and Cecelia's second motion for new trial.

**September 27, 2013:**  105th day after signing of final judgment; this is the last possible day of a trial court's plenary period to grant a new trial or vacate, modify, correct, or reform the judgment, assuming a motion for new trial was filed and overruled—either explicitly or by operation of law—on the 75th day after the signing of the final judgment.  *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); Tex. R. Civ. P. 329b(c), (e).

Relator offers several arguments why the trial court's order granting a new trial on September 18, 2013, is void.  First, relator contends that the trial court's plenary power expired on July 14, 2013—30 days after the signing of the final judgment—because either: (a) the trial court intended to deny the new trial component of the 2012 MNT/JNOV and did so orally during a hearing on the motion; or (b) the trial court impliedly denied the motion for new trial component of the 2012 MNT/JNOV when it signed its final judgment granting in part the requested judgment notwithstanding the verdict.  Alternatively, relator contends that the 2013 MNT/JNOV was overruled by operation of law on the 75th day and could not thereafter be granted.  We find both arguments unpersuasive.

7

Relator's argument that the trial court's plenary power expired 30 days after the signing of final judgment hinges on a finding that the motion for new trial component of the 2012 MNT/JNOV was deemed denied prior to or on the date of signing of the final judgment. In that case, the 2013 MNT/JNOV would not extend the plenary period because it would have been filed without leave of court after a previous motion for new trial was overruled. *See* Tex. R. Civ. P. 329b(b) ("One or more amended motions for new trial may be filed without leave of court *before any preceding motion for new trial filed by the movant is overruled* and within thirty days after the judgment or other order complained of is signed.") (emphasis added). However, the trial court's final judgment makes no mention of the motion for new trial, and we find no indication that the trial court otherwise explicitly denied or intended to deny the motion for new trial component of the 2012 MNT/JNOV.[4]

Relator contends that the following statements made by the trial court during its hearing on the 2012 MNT/JNOV demonstrate that the court intended to deny the motion for new trial component:

> THE COURT: All right. Well, I think the orderly way to do this is I've got to consider any judgment by the defendants or any motion by the defendants for judgment NOV or to

---

[4] This situation is distinguishable from that encountered by the Texas Supreme Court in *In re Brookshire Grocery Co.*, 250 S.W.3d at 68. In that case, as in this case, the real party filed a motion for new trial prior to the entry of final judgment. *Id.* There, however, the trial court explicitly denied the motion for new trial in an order signed <u>after</u> it signed its final judgment. *Id.* The Texas Supreme Court held that, where the trial court has explicitly denied a motion for new trial, an amended motion for new trial filed within 30 days of judgment will not extend the trial court's plenary power. *See id.* at 69. Here, the trial court never explicitly denied either the 2012 MNT/JNOV or the 2013 MNT/JNOV, and while we do not believe the trial court impliedly denied the motion for new trial, any such implied denial was necessarily made before the trial court signed the final judgment.

disregard any findings. That's got to be done first. And then depending on what I do there, then we've got to enter a judgment. And then there's a motion for new trial, right?

\* \* \*

THE COURT: And then once I sign a judgment, then you can file your motion for new trial and then you go on down that road.

We do not read the above statements as demonstrating a clear intent by the trial court to deny the motion for new trial component of the 2012 MNT/JNOV. To the contrary, those statements indicate that the trial judge was not ruling on the motion for new trial at the time he entered the judgment. Even had the trial court intended to deny the motion for new trial in its final judgment, such denial would be premature. Rule 306c of the Texas Rules of Civil Procedure provides in relevant part, "No motion for new trial . . . shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails, . . . ." Tex. R. Civ. P. 306c. Therefore, the motion for new trial component of the 2012 MNT/JNOV was deemed filed subsequent to the court's signing of its final judgment. *See id.* Because Rule 306c deems a prematurely filed motion for new trial to have been filed "*subsequent* to the time of signing of the judgment," we further conclude that the trial court could not have denied such a motion prior to or via its final judgment, as the motion was not yet considered filed. *See id.*; *but see Linan v. Padron*, No. 13–10–00070–CV, 2010 WL 3180278, at \*1–4 (Tex. App.— Corpus Christi Aug. 12, 2010, no pet.) (mem. op.) (where trial court expressly denied prematurely filed motion for new trial before signing judgment, court of appeals

9

concluded that the date of judgment became the effective date for the previous order denying the motion for new trial).

Likewise, the trial court could not have impliedly denied the motion for new trial when it partially granted the judgment notwithstanding the verdict in its final judgment, as the motion for new trial portion was not considered filed until after the trial court signed the final judgment. *See* Tex. R. Civ. P. 306c. Accordingly, we conclude that neither the 2012 MNT/JNOV nor the 2013 MNT/JNOV was ever expressly denied, and that the trial court's plenary power therefore continued for 105 days after the signing of the final judgment—75 days to the denial of the motions by operation of law, and then 30 days beyond. *See L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996).

In his alternative argument, relator contends the trial court is prohibited from granting a motion for new trial that has previously been overruled by operation of law. Relator argues that, even assuming the trial court did not deny any motion for new trial, both the 2012 MNT/JNOV and the 2013 MNT/JNOV were overruled by operation of law on August 28, 2013, the 75th day after the entry of the final judgment. Because we have determined above that the trial court did not explicitly or implicitly deny either motion for new trial, this is a correct statement of the law. *See* Tex. R. Civ. P. 329b(c).[5] Relator, citing to Texas Rule of Civil Procedure 329b(e), then contends that "the trial court's plenary power extended to September 28, 2013, during which time it had jurisdiction to vacate, modify, correct or reform the judgment," but that the trial court

---

[5] "In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period."

10

did not have authority to grant a motion for new trial that was previously overruled by operation of law.

Relator argues that to allow a motion for new trial to be overruled by operation of law, and then for the trial court to subsequently grant it in the 30-day plenary power window following the overruling would impermissibly extend the time table relating to new trials, which a trial court is prohibited from doing under Rule 5. *See* Tex. R. Civ. P. 5 (stating in relevant part that "[t]he court may not enlarge the period for taking any action under the rules relating to new trials except as stated in these rules."). Relator contends that "[w]hile the trial court does have plenary power for thirty days after the overruling, its actions must be in response to a new motion, either by the parties or on its own. If the 75-day cut-off to overrule a motion for new trial by operation of law is to have any significance at all, a trial court should not be permitted to grant a motion for new trial once it has been overruled by operation of law."

Relator omits and his argument ignores a relevant portion of Rule 329b(e), which states in its entirety: "If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power *to grant a new trial* or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." Tex. R. Civ. P. 329b(e) (emphasis added). Accordingly, Rule 329b(e) specifically allows a trial court to grant a new trial after all motions for new trial are overruled by operation of law. *See id.* The rule does not limit the grant of a new trial to only those issues raised after any prior motions are overruled. *See id.*

11

Moreover, relator's argument is contrary to case law.[6] *See, e.g., In re Brookshire Grocery Co.*, 250 S.W.3d at 72 ("Our holding today does not preclude a party whose motion for new trial has been overruled from continuing to seek a new trial while the trial court is still empowered to act. Pursuant to Rule 329b(e), the trial court retains plenary power for thirty days after overruling a motion for new trial; thus, the losing party may ask the trial court to reconsider its order denying a new trial—or the court may grant a new trial on its own initiative—so long as the court issues an order granting new trial within its period of plenary power."); *In re Old Am. Cty. Mut. Fire Ins. Co.*, No. 13–13–00644–CV, 2014 WL 1633098, at *5 (Tex. App.—Corpus Christi Apr. 23, 2014, orig. proceeding) (mem. op.) (order not void where motion for new trial was overruled by operation of law but trial court subsequently granted the motion prior to the expiration of the 105-day period); *Gallagher v. Willows at Sherman Assisted Living & Memory Care, LP*, 244 S.W.3d 646, 648 (Tex. App.—Dallas 2008, no pet.) ("Willows urges that the trial court's May 16, 2006 order granting Gallagher's motion for new trial was also void because it was signed more than 75 days after the date the judgment was signed. This is incorrect. Gallagher's motion for new trial was overruled by operation of law under Rule 329b(c), but the trial court's plenary power over its judgment lasted for 30 more days after that by virtue of Rule 329b(e). As we specifically noted in our original opinion, the trial court signed the May 16, 2006 order

---

[6] Relator bases his argument in part on this Court's statement in *Cortland Line Company, Inc. v. Israel* that "[a]n order granting a motion for new trial is not effective unless signed within 75 days after the judgment is signed." 874 S.W.2d 178, 182 (Tex. App.—Houston [14th Dist.] 1994, writ denied). This is an incorrect statement of law, *see, generally, In re Brookshire Grocery Co.*, 250 S.W.3d at 72, and although we approve of the holding in *Cortland*, we disapprove of the statement in *Cortland* that an order granting a motion for new trial must be signed within 75 days of final judgment.

within that period of plenary power."); *Julian v. Hoffman*, 520 S.W.2d 935, 936 (Tex. Civ. App.—Dallas 1975, no writ) ("June 27, 1974, would be the forty-fifth day following the filing of the amended motion for new trial and since the motion was not expressly acted upon by the trial court it was overruled by operation of law on such date, June 27, 1974. Judge Hoffman granted the motion for new trial on July 22, 1974, and within the time allowed by law for the trial court to sustain a motion for new trial and set aside the judgment. It is established law that a trial court has jurisdiction to grant a new trial within thirty days after a motion for new trial has been overruled either by order or by operation of law."). Accordingly, we conclude that a trial court can grant a motion for new trial after it has been overruled by operation of law, so long as the order granting new trial is signed within the plenary period.

Based on the foregoing, we conclude that the trial court did not explicitly or implicitly deny either motion for new trial, and that it was therefore within the trial court's power to grant the motion for new trial on September 18, 2013.

## CONCLUSION

We conclude that the trial court's order granting a new trial was not void, and we deny relator mandamus relief as a result of relator's unjustified 17-month delay in filing his mandamus petition.

/s/     Marc W. Brown
               Justice

Panel consists of Justices Jamison, Busby, and Brown (Busby, J., dissenting).

14