Opinion issued June 21, 2018



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00093-CV

———————————

## DAVID H. HAMILTON, TRUSTEE OF T.H. TRUST, Appellant

## V.

## ROBERT G. PATE AND JUDY K. PATE, Appellees

On Appeal from the 434th District Court
Fort Bend County, Texas
Trial Court Case No. 17-DCV-243655

## MEMORANDUM OPINION

Appellant, David H. Hamilton, Trustee of T.H. Trust ("Hamilton"), has filed

a notice of appeal of the trial court's order of dismissal, signed on November 6, 2017.

We dismiss the appeal for lack of jurisdiction.

In the trial court proceeding, appellant filed a trespass-to-try-title suit against appellees, Robert G. Pate and Judy K. Pate. *See generally* TEX. PROP. CODE ANN. §§ 22.001–.003 (West 2014). The trial court subsequently sustained the Pates's special exceptions to Hamilton's petition and ordered him "to replead" no later than October 17, 2017. Hamilton filed a "Supplemental Petition in Trespass to Try Title" on October 3, 2017. On November 6, 2017, the trial court signed an order dismissing the case on the basis that Hamilton had not complied with the order to replead his case. Hamilton then timely filed a "Motion to Modify, Correct or Reform the Judgment," which was overruled by operation of law on January 22, 2018. *See* TEX. R. CIV. P. 329b(a), (c), (g); *see also id.* 4. On January 29, 2018, the trial court signed an order granting Hamilton's motion, setting aside the November 6, 2017 judgment, and restoring the case on the trial court's docket.

After a motion to modify, correct or reform the judgment is overruled, the court retains plenary power "to grant a new trial or to vacate, modify, correct, or reform the judgment" for an additional thirty days. *Id.* 329b(e), (g); *see Lane Bank Equip. Co. v. Smith So. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Here, the trial court's plenary power expired on February 21, 2018. *See* TEX. R. CIV. P. 329b(e). Thus, the trial court granted Hamilton's motion and set aside the November 6, 2017 order of dismissal within the court's period of plenary power when the court signed the January 29, 2018 order. *See In re Johnson*, No. 14-09-00782-CV, 2009 WL

2

3347563, at *2 (Tex. App.—Houston [14th Dist.] Oct. 20, 2009, orig. proceeding) (mem. op.) (concluding order setting aside default judgment signed after motion to modify was overruled by operation of law but within trial court's period of plenary power was "timely signed"); *see also In re Timberlake*, 501 S.W.3d 105, 112 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding) (concluding trial court can grant "motion for new trial after it has been overruled by operation of law, so long as the order granting new trial is signed within the plenary period").

Because the trial court set aside the order of dismissal on which Hamilton's notice of appeal is based, the appeal is moot. *See In re Estate of Munoz*, No. 04-17-00218-CV, 2017 WL 3270338, at *1 (Tex. App.—San Antonio Aug. 2, 2017, no pet.) (mem. op.); *see also Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("[A] case is moot when the court's action on the merits cannot affect the parties' rights or interests."). If a case becomes moot, a court must dismiss the proceeding for lack of jurisdiction. *Heckman*, 369 S.W.3d at 162; *see In re Estate of Munoz*, 2017 WL 3270338, at *1 (dismissing appeal after trial court set aside order from which party appealed); *Galvan v. Harris Cty.*, No. 01-09-00884-CV, 2011 WL 345677, at *1 (Tex. App.—Houston [1st Dist.] Jan. 31, 2011, no pet.) (mem. op.) (dismissing appeal as moot after trial court granted motion for new trial and reinstated case).

Accordingly, we dismiss the appeal as for lack of jurisdiction. We dismiss the Pates's "Agreed Motion to Dismiss Appeal and to Remand Case" and any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.