**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00008-CV**
_____

**IN RE JAMES THIBODEAUX**

**Original Proceeding**
**128th District Court of Orange County, Texas**
**Trial Cause No. A180121-C**

**MEMORANDUM OPINION**

In *In re Columbia Medical Center of Las Colinas*, the Texas Supreme Court held that a trial court's order granting a motion for new trial must provide a reasonably specific explanation of the court's reasons for setting aside a jury's verdict.[1] In this case, the order the trial court signed granting the plaintiffs' motion for new trial fails to explain with reasonable specificity why the trial court concluded

---

[1] *In re Columbia Med. Ctr. of Las Colinas,* 290 S.W.3d 204, 213 (Tex. 2009) (orig. proceeding).

1

the motion had merit. Because the trial court's explanation is invalid on its face, we conditionally order the trial court to vacate its June 2019 order granting Maria Soria's and Socorro Cisneros's motion for new trial. We are confident that should the trial court again choose to grant the order, its next order will provide the parties with specific and valid reasons explaining why, in the context of this case, the motion is being granted. The writ will issue only if the trial court fails to comply.

## Background

This proceeding arises out of an automobile-collision case. The parties tried the case to a jury in April 2019. In the underlying case, Soria and Cisneros sued James Thibodeaux, claiming his negligence proximately caused their injuries.[2] At the conclusion of the trial, the jury failed to find that Thibodeaux's negligence caused the occurrence or caused the plaintiffs' injuries. Before the trial court signed a judgment, the plaintiffs filed a combined motion for JNOV and motion for new trial. Subsequently, in accord with the jury's verdict, the trial court granted Thibodeaux's request for a take-nothing judgment.

In May 2019, the trial court heard the plaintiffs' motion for JNOV and motion for new trial. About two weeks later, the trial court granted the motion for new trial.

---

[2] Cisneros was driving a vehicle in which Soria was a passenger.

In January 2020, Thibodeaux filed a petition for mandamus in this Court. In his petition, Thibodeaux argued the trial court's order failed to provide the parties with "an understandable, reasonably specific explanation of the trial court's reasons for setting aside the jury's verdict[.]" He further argued that filing an appeal after going through the time and expense of another trial would be inadequate to remedy the error he claims the trial court made in granting the plaintiffs' motion for new trial.

In response to these arguments, Soria and Cisneros suggest Thibodeaux waived his right to mandamus relief by waiting around seven months before filing his petition for mandamus relief.[3] Looking to the Texas Rules of Appellate Procedure, we note that no deadline exists for filing a petition seeking mandamus relief. Moreover, to show a party's delay resulted in that party's waiver, the party complaining of the delay must establish the party that filed the mandamus proceeding waited an unreasonable period before seeking relief. Additionally, the circumstances of the delay must show the party claiming waiver detrimentally changed its position in the case due to the other party's delay.[4] To determine whether

---

[3] *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (explaining that the equitable doctrine of laches may apply if the petitioner fails to exercise diligence in pursuing relief).

[4] *In re Laibe Corp.*, 307 S.W.3d 314, 317 (Tex. 2010) (orig. proceeding).

undue delay occurred, we look for the reasons the parties offered to explain any delays.[5]

In his pleadings, Thibodeaux attributed his seven-month delay in filing his petition to three things: (1) the time it took for him to obtain a transcript of the trial to evaluate his chance to prevail in this proceeding; (2) the time his attorney took to consult with appellate counsel; and (3) the delays associated with his and his appellate attorney's trial, vacation and holiday schedules. Thibodeaux's explanation for the length of the delay is not unreasonable.[6]

Turning to prejudice, Soria and Cisneros contend that, by participating in a pretrial conference, Thibodeaux's conduct is inconsistent with his request to vacate the trial court's order granting the plaintiffs' motion. But Soria and Cisneros have not explained how participating in a pretrial conference caused them to alter their positions in the case. It's true their attorney attended the conference, but the expense

---

[5] *See In re Fetterman*, No. 05-18-00327-CV, 2018 WL 1531457, at *1 (Tex. App.—Dallas Mar. 19, 2018, orig. proceeding) (mem. op.) (relator waived right to mandamus relief by failing to provide reasonable explanation for ten-month delay after trial court granted a motion for new trial); *In re Timberlake*, 501 S.W.3d 105, 108 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding) (relator failed to justify delay in seeking relief for seventeen months from date of order granting a new trial and eleven months from receiving record).

[6] *See In re SCI Tex. Funeral Services, Inc.*, 236 S.W.3d 759, 761 (Tex. 2007) (orig. proceeding) (as a matter of law, preparation of record reasonably explained six-month delay in seeking mandamus relief from a discovery and sanctions order).

of that was never quantified. Even then, the cost of attending a hearing, if quantified, is unlikely to be more than the expense the parties will face in a second trial. We conclude Thibodeaux did not waive his right to seek mandamus relief based on the delay at issue here.

In their motion, Soria and Cisneros asked the trial court for a new trial on two grounds: (1) the great weight and preponderance of the evidence supports a finding that Thibodeaux was negligent and his negligence caused the collision; and (2) some of the jurors allowed bias or prejudice to govern their votes.

In a mandamus proceeding, we review an order granting a motion for new trial for abuse of discretion.[7] It's well-settled that when granting a motion for new trial, trial courts must provide the parties with a reasonably specific explanation of the reasons the trial court relied on to set aside a jury's verdict.[8] The failure of a trial court to provide the parties with a reasonably specific explanation that provides a valid reason or reasons for setting aside a jury's verdict is arbitrary and constitutes an abuse of discretion.[9]

---

[7] *In re Bent*, 487 S.W.3d 170, 177-78 (Tex. 2016) (orig. proceeding).

[8] *In re Columbia Medical*, 290 S.W.3d at 213.

[9] *Id.*

5

Here, the trial court's order neither shows "'the trial judge considered the specific facts and circumstances of the case at hand[,]'" nor does it explain "'how the evidence (or lack of evidence) undermines the jury's findings.'"[10] We hold the trial court's June 2019 order granting plaintiffs' motion is facially invalid.

To grant the motion, the trial court had to provide specific reasons explaining why the court granted the plaintiffs' motion. Should the trial court decide to grant the motion in an amended order, the trial court must specifically explain why it is doing so and set out the facts and circumstances it relied on to do so based on the evidence and what the court observed during the first trial.[11] For instance, should the court find the jury's verdict is against the great weight and preponderance of the evidence, the trial court must "elaborate, with reference to the evidence adduced at trial, how the jury's answers are contrary to the great weight and preponderance of the evidence."[12] On the other hand, should the trial court grant the motion based on the plaintiffs' allegations of jury misconduct, the trial court must describe the

---

[10] *Bent*, 487 S.W.3d at 176 (quoting *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 689 (Tex. 2012) (orig. proceeding)).

[11] *United Scaffolding,* 377 S.W.3d at 688–89.

[12] *Id.* at 690.

6

evidence or circumstances it observed to reach its conclusion jury misconduct occurred.

Soria and Cisneros also argue Thibodeaux's petition should be denied because he did not ask the trial court to clarify its order before seeking mandamus relief. In the trial court, Thibodeaux filed a detailed response explaining why the motion for new trial had no merit. He argued the jury, as the factfinder, had the right to resolve the issues against the plaintiffs based on the evidence in the trial. Thus, the trial court knew Thibodeaux opposed the motion for new trial when the court granted the motion. Because the court knew Thibodeaux opposed the motion, Thibodeaux did not waive his right to complain about the ruling in this Court.

Finally, Thibodeaux asks this Court to order the trial court to affirm the April 2019 take-nothing judgment. The trial court's April 2019 judgment, however, is not yet final.[13] It may never become final if the trial court signs a valid order granting the plaintiffs' motion for new trial. Because the April 2019 judgment is not yet final, we cannot address whether the judgment should (or should not be) affirmed.[14]

---

[13] *See In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 231 (Tex. 2008) (explaining that if a new trial is granted and later withdrawn, the appellate deadlines run from the later order reinstating the judgment).

[14] *See* Tex. Gov't Code Ann. § 22.220(a); *Phillips v. Bramlett*, 407 S.W.3d 229, 235 (Tex. 2013) (explaining that the courts of appeal have jurisdiction to review final judgment from trial courts located within their respective districts).

For the reasons explained above, we conditionally grant Thibodeaux's request for mandamus relief. We are confident the trial court will vacate its June 2019 order granting a new trial. A writ of mandamus will issue only in the event the trial court fails to comply.

PETITION  CONDITIONALLY GRANTED.

PER CURIAM

Submitted on January 21, 2020
Opinion Delivered March 26, 2020

Before McKeithen, C.J., Horton and Johnson, JJ.